Per Curiam.
*24 {¶ 1} Appellant, Sonya R. Jackson, appeals the decision of the Tenth District Court of Appeals denying her motions for relief from judgment and for leave to file an amended complaint in mandamus. For the reasons set forth below, we affirm the judgment of the court of appeals.

Background

{¶ 2} The history of this case begins with the filing of a pro se declaratory-judgment action against the members of the parole board in Cuyahoga Common Pleas Court. Jackson v. Mauser, Cuyahoga C.P. No. CV-12-773475 (“Jackson I”). In that suit, Jackson argued that the parole board, in its consideration of her parole request, disregarded a binding mandate from the governor. On March 21, 2012, Jackson filed a Civ.R. 41(A) notice of voluntary dismissal.
{¶ 3} On August 15, 2012, Jackson, now represented by Assistant State Public Defender Dennis Pusateri, filed a complaint for a writ of mandamus in the Tenth District Court of Appeals against respondents, Ohio Adult Parole Authority and the Ohio Parole Board. State ex rel. Jackson v. Ohio Adult Parole Auth., 10th Dist. Franklin No. 12AP-675 (“Jackson IP’). In that complaint, she made the following allegations:
{¶ 4} (1) Jackson was sentenced to prison for a term of 20 years to life. In November 2009, after she had served 11 years of her sentence, Governor Strickland commuted her sentence to 12 years to life. The warrant of commutation made Jackson eligible for parole and directed the parole board to release her “when the Board determines that she is prepared to integrate successfully into society.”
{¶ 5} (2) The parole board conducted a hearing on January 7, 2010. The board declined to release Jackson and continued consideration of her parole until she completed the original minimum sentence of 20 years “in order to not demean the serious nature of the crime.”
{¶ 6} (3) By basing its decision on the seriousness of the offense, rather than her ability to reintegrate into society, the board disregarded its legal mandate from the governor.
{¶ 7} Upon review of the complaint, a magistrate recommended dismissal, on the ground that the affidavit listing prior actions attached to the complaint named four such actions but described only one, thereby failing to comply with R.C. 2969.25(A).
(¶ 8} Faced with the magistrate’s recommendation, Pusateri decided that rather than fight the dismissal, he would simply allow the court to dismiss the action and then refile the complaint.
{¶ 9} Pusateri did not receive the necessary affidavits back from Jackson until October 31, 2012. During the two months between the magistrate’s recommen *25 dation and Pusateri’s receipt of the executed affidavits, a notion “erroneously settled into [his] head” that the court had dismissed Jackson II, even though he had never received an entry of dismissal. He therefore filed a new mandamus petition on November 1, 2012, State ex rel. Jackson v. Ohio Adult Parole Auth., 10th Dist. Franklin No. 12AP-938 (“Jackson III”).
{¶ 10} On December 3, 2012, the respondents filed a motion to stay Jackson III because Jackson II, which raised the same issues, was still pending, despite the magistrate’s recommendation.
{¶ 11} Rather than move to amend the Jackson II complaint, Pusateri elected to dismiss Jackson II voluntarily and proceed under the complaint in Jackson III, as that course of action was “simpler,” presumably because the complaint in that case already had the necessary affidavits attached.
{¶ 12} Respondents then moved for summary judgment in Jackson III on the ground that the voluntary dismissal of Jackson II triggered the “double dismissal” rule, by which a second voluntary dismissal under Civ.R. 41(A) becomes a final judgment on the merits. The court of appeals agreed and granted summary judgment in favor of the board in Jackson III on June 28, 2013.
{¶ 13} In response, Pusateri filed a Civ.R. 60(B) motion for relief from the judgment of dismissal in Jackson II, arguing that the voluntary dismissal was the product of “excusable neglect.” He supported the motion with his own affidavit, in which he conceded that he was aware of Jackson’s pro se declaratory-judgment action and of her voluntary dismissal of that action. “It did not occur me [sic] that it could be argued that my client’s pro se declaratory judgment action * * *, referred to in an affidavit of prior action attached to the complaint in [Jackson III], was a voluntary dismissal that could trigger the ‘double dismissal’ rule contained in Civ.R. 41(A).”
{¶ 14} “I was negligent,” he concluded, “for inadvertently failing to connect the dots between my voluntary dismissal of [Jackson IP] and my client’s voluntary dismissal of her pro se declaratory judgment case.” He also filed a motion for leave to amend the Jackson II complaint in order to attach the omitted affidavits. The court of appeals denied the motions on March 19, 2013.
{¶ 15} Jackson appealed Jackson II to this court. The matter has been fully briefed and is ripe for adjudication.

Legal analysis

{¶ 16} The “double dismissal” rule is set forth in Civ.R. 41(A)(1): “a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.” The second voluntary dismissal is thus with prejudice, and res judicata will bar the filing of a third action. State ex rel. Dillard Dept. Stores v. Ryan, 122 Ohio St.3d 241, 2009-Ohio-2683, 910 N.E.2d *26 438, ¶ 13; Olynyk v. Scoles, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 8.
{¶ 17} Jackson twice voluntarily invoked Civ.R. 41(A) to dismiss her case. The second dismissal was thus with prejudice, and res judicata barred the new complaint in Jackson III. Her only remaining avenue, therefore, was to persuade the court to vacate the final judgment in Jackson II.
{¶ 18} To prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. Strack v. Pelton, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). The timeliness of Jackson’s motion is not in dispute.
{¶ 19} Civ.R. 60(B) provides that “[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * To determine whether neglect is excusable or inexcusable, a court must consider all the surrounding facts and circumstances. Rose Chevrolet, Inc. v. Adams, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Pusateri’s decision to dismiss Jackson II, rather than seek leave to amend the complaint, certainly qualifies as neglect. See Marion Prod. Credit Assn. v. Cochran, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988) (failure to file reply to counterclaim due to an oversight “clearly * * * amounts to an admission of neglect”).
{¶ 20} The issue before the court of appeals was whether Pusateri’s conduct qualified as excusable neglect, within the meaning of Civ.R. 60(B)(1). The court of appeals concluded that it did not.
{¶ 21} An appellate court reviews a decision on a Civ.R. 60(B) motion for abuse of discretion. Rose Chevrolet at 21. We apply this same standard when, as in this case, we are acting as a first-level appellate court reviewing a case originating in the court of appeals. State ex rel. Richard v. Seidner, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).
{¶ 22} The abuse-of-discretion standard extends to the question whether a movant has demonstrated excusable neglect. See Peter M. Klein Co. v. Dawson, 10th Dist. Franklin No. 10AP-1122, 2011-Ohio-2812, 2011 WL 2409047, ¶ 11-12.
The [trial] court’s discretion to determine whether excusable neglect exists “necessarily connotes a wide latitude of freedom of action * * * and a broad range of more or less tangible or quantifiable factors may enter into the trial court’s determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion.”
*27 Id. at ¶ 11, quoting McGee v. C & S Lounge, 108 Ohio App.3d 656, 661, 671 N.E.2d 589 (10th Dist.1996).
{¶ 23} We have defined excusable neglect in the negative: a defendant’s inaction is not excusable neglect if it can be deemed a “ ‘complete disregard for the judicial system.’ ” Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting GTE Automatic Elec., Inc. v. ARC Industries, Inc., 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976).
{¶ 24} A represented party bears a greater burden to show excusable neglect. “[AJttorney conduct falling ‘substantially below what is reasonable under the circumstances’ constitutes inexcusable neglect.” Hai v. Flower Hosp., 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, 2008 WL 4531926, ¶ 21, quoting GTE at 152; see also Moore v. Emmanuel Family Training Ctr., Inc., 18 Ohio St.3d 64, 68, 479 N.E.2d 879 (1985) (the phrase “substantially below what is reasonable under the circumstances” in GTE is “additional guidance as to when conduct is excusable”).
{¶ 25} Thus, attorney Pusateri’s conduct is inexcusable if it can be labeled a complete disregard for the judicial system or if the conduct falls substantially below what was reasonable under the circumstances. See, e.g., France v. France, 8th Dist. Cuyahoga Nos. 95629 and 95729, 2011-0hio-2402, 2011 WL 1935838, ¶ 21; Engle v. Rostami, 2d Dist. Montgomery No. 23914, 2011-Ohio-878, 2011 WL 686285, ¶ 10; Heard v. Dubose, 1st Dist. Hamilton No. C-060265, 2007-Ohio-551, 2007 WL 424094, ¶ 19.
{¶ 26} Pusateri admitted two mistakes: assuming that this case had already been dismissed and failing to recall that one of his client’s prior filings was a declaratory-judgment action raising similar claims.
{¶ 27} As to the first error, the court of appeals “rejected] counsel’s assertion that his erroneous belief about the status of the case constitutes mistake, inadvertence, or excusable neglect as those terms are defined in the context of Civ.R. 60(B).” Jackson II at ¶ 9. It appears that the erroneous decision to dismiss Jackson II was made as a matter of convenience; it was easier to proceed in Jackson III because that complaint had the necessary affidavits. The court of appeals went on to hold that counsel’s failure to recall previous dismissals was also not excusable neglect under Civ.R. 60(B). Id., ¶ 10. By his own admission, Pusateri was aware of his client’s pro se declaratory-judgment action in the common pleas court and of her voluntary dismissal of that action. We have long held that the inexcusable neglect of an attorney is attributable to the represented party. GTE Automatic, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph four of the syllabus.
*28 {¶ 28} We hold that the court of appeals’ decision rejecting Jackson’s assertion of excusable neglect was not unreasonable, arbitrary, or unconscionable and did not constitute an abuse of discretion. Rather, the court based its decision on a well-reasoned analysis of counsel’s deliberate actions. We therefore affirm the decision to deny Jackson’s motions for relief from judgment and leave to file an amended complaint.
{¶ 29} Because we affirm the court of appeals’ ruling that Jackson failed to establish excusable neglect, we do not reach the question whether Jackson met the remaining requirement for relief from judgment: demonstration of a meritorious claim if relief is granted.
{¶ 30} Based on the foregoing, we affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and Kennedy and French, JJ., concur.
O’Donnell, J., concurs in judgment only.
Pfeifer, Lanzinger, and O’Neill, JJ., dissent.