[Cite as *Hardy v. Maveric Properties, L.L.C.*, 2018-Ohio-1235.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Harriett Hardy                                          Court of Appeals No. L-17-1167

      Appellant                                    Trial Court No.  CVG-16-15220

v.

Maverick Properties, LLC.                      **DECISION AND JUDGMENT**

      Appellee                                     Decided:   March 30, 2018

* * * * *

Paul A. Davis, for appellant.

Thomas E. Puffenberger, for appellee.

* * * * *

**MAYLE P.J.**

{¶ 1} In this accelerated appeal, plaintiff-appellant, Harriet Hardy, appeals the June 14, 2017 judgment of the Toledo Municipal Court dismissing her complaint and awarding judgment to defendant-appellee, Maveric Properties, LLC, on its counterclaim. For the reasons that follow, we reverse the trial court judgment.

## I. Background

{¶ 2} Harriet Hardy resided at 1647 S. Cove Street, apartment 2B, in Toledo, Ohio. Her mother and elderly aunt resided in unit 2C. Both units were owned by Maveric Properties. On July 1, 2016, Maveric gave written notice to the occupants of the units to vacate by August 1, 2016. According to Hardy, unit 2C was vacated on August 1, 2016, and unit 2B was vacated on September 8, 2016. Maveric did not refund the security deposits for the units.

{¶ 3} On October 18, 2016, Hardy filed a pro se small claims complaint seeking damages of $1,395.00, and alleging the following:

> On July 2nd I response to a eviction notice to leave property 1647 S. Cove Blvd. apts. 2b and 2c. On July 14th I asked for transfer papers for my section 8. He did not return paper as of July 18th. At that point need to return to section 8. On August 3rd he text wanting to know when I would vacate apt 2c I replied by Friday. We agree to give keys for apartment the weekend. He asked to avoid using kitchen sink. Main drain back up. On Aug 7th asked again for paper work to be filled out for apt 2B. Aug 9th said tied up will try to meet me. [sic]

{¶ 4} On November 22, 2016, a judgment entry was journalized indicating that the case was called for hearing and Hardy failed to appear. The case was ordered dismissed without prejudice at plaintiff's cost. On December 1, 2016, however, another order was issued indicating that the "order dismissing case was made in error. Order recorded of 11/22/2016 is hereby vacated." The matter was reset for hearing on December 27, 2016.

2.

**{¶ 5}** On December 27, 2016, the case was continued to allow the parties to mediate their dispute. Mediation took place, but was unsuccessful. On January 27, 2017, Maveric moved to transfer the case from the small claims division to the court's regular docket. The motion was granted.

**{¶ 6}** On March 7, 2017, Maveric filed an answer to Hardy's complaint, as well as a counterclaim. It alleged that after Hardy vacated the apartment, it incurred damages and cleaning costs totaling $1,559.00. It sought judgment in that amount. The matter was scheduled for pretrial on April 10, 2017. The case was not resolved, and trial was scheduled for May 15, 2017, at 9:00 a.m.

**{¶ 7}** The case was called for trial on the morning of May 15, 2017, however, Hardy failed to appear. The trial court took evidence pertinent to Maveric's counterclaim. Maveric's managing member, Brian Mahas, testified that Hardy owed $438 for August 2016 rent, $236 for September 2016 rent, and $885 toward replacement of the carpeting in her unit. He denied that Hardy had paid a security deposit. The court issued an order stating that "Plaintiff failed to appear. Original complaint dismissed. Defendant proceeded on the counterclaim. Judgment to defendant. See judgment entry within 14 days."

**{¶ 8}** On May 15, 2017, at 1:00 p.m., Hardy appeared for trial only to learn that it had been scheduled for 9:00 a.m., that the trial court had dismissed her complaint with prejudice, and that it had entered judgment to Maveric on its counterclaim. Hardy filed a motion at 1:44 p.m. that day asking that the case be reheard. She explained that she

3.

believed the case had been set for 1:00 p.m. and, therefore, appeared for trial at that time. She denied having previously failed to appear for court on November 22, 2016.

{¶ 9} Maveric opposed Hardy's motion. It maintained that Hardy failed to appear in small claims court on November 22, 2016, and it insisted that Hardy was aware of the time for trial because the parties had gone to the assignment commissioner's office together and approved the trial date.

{¶ 10} On May 19, 2017, the trial court denied Hardy's motion, and on May 24, 2017, it entered judgment in favor of Maveric in the amount of $1,559. With assistance of counsel, Hardy filed a "motion to vacate default judgment" on May 30, 2017. She alleged that her failure to appear for trial was on account of "mistake, inadvertence, surprise or excusable neglect" under Civ.R. 60(B)(1), and she also cited the "catch-all" provision contained in Civ.R. 60(B)(5). Hardy attached a detailed affidavit and additional documentation in support of her motion. Maveric filed an opposition brief.

{¶ 11} In an order journalized on June 14, 2017, the trial court denied Hardy's motion. Hardy appealed the June 14, 2017 judgment on July 7, 2017, and assigns the following errors for our review:

> First Assignment of Error: It was reversible, prejudicial error and a complete abuse of discretion for the trial court to dismiss Plaintiff's Complaint with prejudice without providing prior notice and opportunity to be heard to [sic] the Plaintiff.

> Second Assignment of Error: It was reversible, prejudicial error, a complete abuse of discretion and a violation of constitutional due process for the

4.

trial court to conduct a hearing for default judgment and award damages to the Defendant without providing the Plaintiff the opportunity to cross examine witnesses, refute evidence presented and present evidence in support of her legal position.

## II. Law and Analysis

{¶ 12} Hardy challenges both the trial court's dismissal of her complaint and its judgment in favor of Maveric on its counterclaim. We begin by noting that Hardy failed to timely appeal the May 24, 2017 judgment. Thus, our review is limited to the trial court's June 14, 2017 denial of her motion for relief from judgment. To that end, we consider Hardy's assignments of error together, and we interpret them in the context of the order at issue on appeal.

{¶ 13} Under Civ.R. 60(B), a party may be relieved from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

{¶ 14} The Supreme Court of Ohio has held that to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Electric, Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. We review a trial court judgment denying a motion for relief from judgment under an abuse of discretion standard. *Kerger & Hartman, LLC v. Ajami*, 6th Dist. Lucas No. L-16-1135, 2017-Ohio-7352, ¶ 13. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} We examine whether Hardy established each of these elements.

### A. The party has a meritorious defense or claim to present if relief is granted.

{¶ 16} Hardy claims to have a meritorious claim and defense in this action. She maintains that Maveric improperly charged her for rent payments that it was not entitled to collect, and she insists that she left the apartment in good condition. She challenges the trial court's decision to award unpaid rent and carpeting costs.

{¶ 17} "To prove a meritorious defense, a movant must provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established." *Kerger & Hartman, LLC* at ¶ 16, citing *K. Ronald Bailey & Assocs. v. Martin*, 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15. Some courts

6.

require the movant to offer affidavits, depositions, written admissions or stipulations, discovery responses, or other sworn testimony as evidence of those operative facts. *Hussein v. Hafner & Shugarman Enters., Inc.*, 6th Dist. Wood No. WD-10-083, 2011-Ohio-4738, ¶ 22, citing *East Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 221, 394 N.E.2d 348 (8th Dist.1978).

{¶ 18} Here, Hardy attached to her Civ.R. 60(B) motion an affidavit averring that she had been advised by the Lucas Metropolitan Housing Authority ("LMHA") that Maveric failed to remedy certain problems with the property and that she should remit only the portion of rent that she is normally required to pay—not amounts that LMHA would typically remit on her behalf. She attached correspondence from LMHA corroborating her assertions. She also averred that she has photographs showing the good condition in which she left the property. We, therefore, find that Hardy provided operative facts which, if true, would constitute a meritorious claim or defense if relief is granted.

**B. The party is entitled to relief under one of the Civ. R. 60(B) grounds.**

{¶ 19} Hardy sought relief in the trial court on the grounds of excusable neglect under Civ.R. 60(B)(1), and under the catch-all provision of Civ.R. 60(B)(5).[1] She explained in her motion for relief from judgment, and reiterates in her brief on appeal, that she mistakenly believed that trial had been set for 1:00 p.m., when in fact it was

---

[1] Hardy also asserts fraud and misrepresentation under Civ.R. 60(B)(3), but this was not the basis of her argument in the trial court, and we cannot consider it for the first time on appeal. *U.S. Bank, Natl. Assn. v. Zokle*, 6th Dist. Erie No. E-13-033, 2014-Ohio-636, ¶ 31.

7.

scheduled for 9:00 a.m. She says that she appeared in court at 1:00 p.m., and immediately upon learning that her complaint had been dismissed, she filed a motion asking the court to rehear the case. With the help of an attorney, she filed a more detailed motion to vacate the judgment just two weeks later. She explained that she is the sole caregiver for her mother and elderly aunt, and she simply mixed up the trial time.

{¶ 20} Maveric counters that Hardy had notice of the correct time of the trial, yet failed to appear. It cites a number of cases where courts have held that calendar-related errors do not constitute "excusable neglect" under Civ.R. 60(B).

{¶ 21} The Ohio Supreme Court "define[s] excusable neglect in the negative: a defendant's inaction is not excusable neglect if it can be deemed a complete disregard for the judicial system. (Internal quotations and citations omitted.) *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 23. Certainly, there are a number of cases where courts have found that calendar-related errors did not constitute excusable neglect. But there are also numerous cases, including cases from this court, holding otherwise.

{¶ 22} In *Consolidated Rail v. Hy-De Corp.*, 6th Dist. Ottawa No. OT-81-27, 1982 Ohio App. LEXIS 11802 (May 7, 1982), for instance, plaintiff's counsel failed to appear for trial because he forgot to mark the date on his calendar. The trial court dismissed with prejudice his complaint and granted judgment to defendant on its counterclaim. We held that the trial court abused its discretion and we reversed. In doing so, we observed that plaintiff had complied with procedures and court rules during the pendency of the action and had timely filed pleadings and attended pretrials in the case.

8.

{¶ 23} Similarly, in *Transamerican Ins. Co. v. Graham*, 6th Dist. Wood No. WD-82-47, 1982 Ohio App. LEXIS 15737 (Nov. 26, 1982), the trial court dismissed with prejudice plaintiff's complaint after he failed to appear for trial following the denial of his motion for continuance. Plaintiff moved to vacate the judgment under Civ.R. 60(B)(1) and (5). The trial court denied the motion. On appeal, we held that the trial court abused its discretion. Important to our decision was the fact that it had been plaintiff's only failure to appear in the case, and the parties had been engaged in good-faith settlement negotiations. We emphasized the policy in favor of the disposition of cases on their merits, and determined that the harshness of the sanction was contrary to that policy.

{¶ 24} Other courts have held similarly. *See, e.g., Rucker v. Cvelbar Body & Paint Co.*, 8th Dist. Cuyahoga No. 68573, 1995 Ohio App. LEXIS 5374, *10-11 (Dec. 7, 1995) (finding that missed trial date caused by counsel's hectic campaign schedule did not signify any disrespect or disregard of the court and constituted excusable neglect); *Blankenship v. Rick Case Honda/Isuzu*, 11th Dist. Portage No. 1669, 1987 Ohio App. LEXIS 6358, *4-5 (Mar. 27, 1987) (finding excusable neglect where counsel failed to appear because he forgot to mark calendar); *Mid-America Acceptance Co. v. Lightle*, 63 Ohio App.3d 590, 608, 579 N.E.2d 721 (10th Dist.1989) (finding that counsel did not exhibit a disregard for the judicial system and committed excusable neglect where clerical error resulted in staff neglecting to note trial date on his calendar); *Covert Options, Inc. v. R.L. Young & Assocs.*, 2d Dist. Montgomery No. 20011, 2004-Ohio-67, ¶ 12 (finding that calendar error leading to counsel's failure to appear at trial constituted excusable neglect, especially given that counsel had acted diligently throughout the

9.

proceedings); *Maddox v. Ward*, 8th Dist. Cuyahoga No. 87090, 2006-Ohio-4099, ¶ 44 (finding that counsel's action in appearing late for pretrial was not "complete disregard for the judicial system or the rights of the other party" where counsel mistakenly believed that pretrial was at 1:00 p.m. rather than 9:30 a.m.).

{¶ 25} "Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Each case must be decided on its own particular facts. *Transamerican Ins. Co.* at *2.

{¶ 26} Here, Hardy averred in her affidavit that despite Maveric's contention to the contrary, she appeared at every other court date, and she engaged in the Citizens Dispute Resolution program in an effort to resolve the parties' dispute. She insists that her tardiness was a mistake, and she intended no disrespect to the trial court. As such, she claims that it was error for the trial court to dismiss her complaint and to grant judgment in favor of Maveric, particularly without providing her with notice and an opportunity to respond. We find that under the facts of this case, Hardy did not exhibit "a complete disregard for the judicial system" and her mistake in appearing for trial at 1:00 p.m. instead of 9:00 a.m. constituted excusable neglect.

### C. The motion is made within a reasonable time.

{¶ 27} Finally, there is no question here that Hardy sought relief within a reasonable time. She believed that trial had been set for 1:00 p.m. on May 15, 2017. She filed a pro se "motion to be reheard" at 1:44 p.m. that day. With assistance of counsel,

10.

she filed a more detailed motion to vacate judgment under Civ.R. 60(B) just two weeks later. We find, therefore, that she sought relief within a reasonable time.

{¶ 28} Hardy has established each of the factors set forth in *GTE Automatic Electric, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113. Accordingly, we find that the trial court abused its discretion in denying her motion to vacate judgment, and we find her assignments of error well-taken.

### III. Conclusion

{¶ 29} Because (1) Hardy presented operative facts raising a meritorious claim or defense; (2) her mistake in arriving for trial at 1:00 p.m. instead of 9:00 a.m. did not demonstrate "a complete disregard for the judicial system" and constituted excusable neglect; and (3) she immediately filed a pro se motion to be reheard, followed by a more detailed motion for relief from judgment, we find her two assignments of error well-taken. We vacate the June 14, 2017 judgment of the Toledo Municipal Court and remand for a new trial. Maveric is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
_____
                                                                    JUDGE
James D. Jensen, J.

Christine E. Mayle, P.J.                          _____
CONCUR.                                                          JUDGE

_____
                                                                    JUDGE