[Cite as *Risner v. Cyclone Servs., Inc.*, 2019-Ohio-5279.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Daniel A. Risner                                          Court of Appeals No. S-19-037

      Appellant                                          Trial Court No. 18CV753

v.

Cyclone Services, Inc.                              **DECISION AND JUDGMENT**

      Appellee                                            Decided:  December 20, 2019

* * * * *

Arthur C. Graves, for appellant.

James H. Ellis III, for appellee.

* * * * *

**MAYLE, P.J.**

{¶ 1} In this accelerated appeal, appellant, Daniel Risner, appeals the trial court's

July 23, 2019 judgment entry granting appellee, Cyclone Services, Inc.'s, Civ.R. 60(B)

motion for relief from default judgment.  For the following reasons, we affirm the

judgment of the trial court.

## I. Background

{¶ 2} On June 22, 2017, appellant, Daniel Risner, suffered an injury in the course and scope of his employment with appellee, Cyclone Services, Inc. ("Cyclone"). Appellant filed a claim with the Ohio Bureau of Workers' Compensation ("the Bureau") alleging multiple conditions arising from the injury for which he sought compensation benefits. Ultimately, the Bureau issued an order that allowed some conditions but denied others.

{¶ 3} On May 29, 2018, Risner filed an administrative appeal with the Sandusky County Court of Common Pleas, case No. 18CV599, pursuant to R.C. 4123.512.[1] Risner's administrative appeal named both Cyclone and the Bureau's administrator as "Defendants-appellees."

{¶ 4} Shortly after the filing of the administrative appeal, Cyclone received correspondence from the Bureau indicating that if it elected not to actively participate in the appeal, the Bureau would defend the administrative judgment on Cyclone's behalf. In response, Cyclone's president and secretary, Gerold Bowers, informed the Bureau's counsel that the company would not participate in the administrative appeal. Thereafter, Cyclone did not respond to any filings in the administrative appeal or appear for any hearings.

---

[1] Although Risner's administrative appeal is relevant to this case, the actual merits of the administrative appeal are not before this court.

{¶ 5} On July 23, 2018, Risner filed the instant case—a wrongful termination action against Cyclone, which was assigned Sandusky County case No. 18CV753. Risner alleged that, during the processing of his workers' compensation claim, the Bureau scheduled a hearing on January 29, 2018, that he needed to attend. On that day, Risner and Bowers got into a verbal altercation in Cyclone's parking lot.

{¶ 6} Risner's complaint alleges that the altercation ensued because Bowers ordered him not to attend the hearing, and then fired him when he refused to comply with that order. Bowers, however, maintains that he merely asked Risner to provide a physician's note that cleared him to drive Cyclone's vehicles despite any ongoing medical conditions related to the workplace injury. Bowers claims that Risner got angry at this request, engaged in a verbal argument, and then quit. Bowers argues that he did not order Risner not to attend the hearing, or terminate his employment. Despite the differing version of events, it is undisputed that Risner did not return to work after that date.

{¶ 7} Cyclone was served with a summons and a copy of the complaint on July 30, 2018. It failed to file an answer or otherwise respond to the complaint within 28 days of service. On October 31, 2018, Risner filed a motion for default judgment. The trial court set a hearing on Risner's motion for December 17, 2018. Cyclone was served with notice of the hearing but did not appear. On December 28, 2018, the trial court granted appellant's motion and entered default judgment against Cyclone.

3.

{¶ 8} On January 24, 2019, Cyclone filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). Cyclone argued that Bowers was confused by the service of new process and believed that the summons and complaint were part of the ongoing administrative appeal in which Cyclone had elected not to participate. Cyclone argued that this confusion constituted excusable neglect and entitled it to relief from judgment. The trial court agreed and on February 29, 2019, granted Cyclone's motion for relief from judgment.

{¶ 9} On April 15, 2019, Risner filed a motion to vacate the order granting relief from judgment, arguing that he had not been served with a copy of Cyclone's motion. Risner asked the trial court to vacate its previous order, and to permit him to conduct discovery related to the Civ.R. 60(B) motion and to file a brief in opposition to the motion. The trial court appears to have granted the motion to vacate because the parties proceeded with discovery. [2] On July 1, 2019, Risner filed his opposition to Cyclone's motion for relief from default judgment along with a transcript of Bowers' deposition.

{¶ 10} On July 23, 2019, the trial court entered a new order concluding that Cyclone's failure to answer or otherwise respond to Risner's complaint was the result of excusable neglect. The trial court's order affirmed its February 12, 2019 order granting

_____

[2] Although the record does not contain a written order on Risner's motion to vacate, the parties do not dispute that it was granted and the matter proceeded to discovery without objection from Cyclone. Given that the parties submitted briefs on the Civ.R. 60(B) motion and the trial court entered a new order on that motion, the lack of a written order on Risner's motion to vacate does not impact the resolution of this appeal.

4.

Cyclone relief from the previously entered default judgment pursuant to Civ.R. 60(B)(1).

Risner timely appealed and asserts the following error for our review:

> The trial court erred in sustaining the Motion for Relief From Default Judgment filed on behalf of the Defendant.[3]

## II. Law and Analysis

**{¶ 11}** Risner challenges the trial court's granting of Cyclone's motion for relief from default judgment arguing that Cyclone's conduct in failing to respond to the properly served summons and complaint did not constitute excusable neglect. Under Civ.R. 60(B), a party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;

> (20 newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or

---

[3] The granting of a motion for relief from default judgment pursuant to Civ.R. 60(B) is a final appealable order and we therefore have jurisdiction to determine the merits of this appeal. *See GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.5d 113 (1976).

it is no longer equitable that the judgment should have prospective

application; or

(5) any other reason justifying relief from the judgment.

{¶ 12} To prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Electric at* paragraph two of the syllabus. We review a trial court judgment granting a motion for relief from judgment under an abuse of discretion standard. *Id.* at 150. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Our review of the record reveals the trial court did not abuse its discretion in determining Cyclone established each of the necessary elements.

**A. Cyclone has a meritorious defense or claim to present if relief is granted.**

{¶ 13} Cyclone alleges that it has a meritorious defense to Risner's wrongful termination claim. To show it has a meritorious defense and to succeed on its motion for relief, Cyclone "must provide operative facts which, if true, would constitute a meritorious defense; ultimate success on the merits need not be established." *Kerger & Hartman, LLC v. Ajami*, 6th Dist. Lucas No. L-16-1135, 2017-Ohio-7352, ¶ 16, citing *K. Ronald Bailey & Assocs. v. Martin*, 6th Dist. Erie No. E-08-057, 2009-Ohio-2932, ¶ 15. Operative facts supporting a meritorious defense should be supported by evidence

6.

in the form of "affidavits, depositions, written admissions, written stipulations, answers to interrogatories, or other sworn testimony." *Hussein v. Hafner & Shugarman Enters., Inc.*, 6th Dist. Wood No. WD-10-083, 2011-Ohio-4738, ¶ 22, citing *East Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 221, 394 N.E.2d 348 (8th Dist.1978).

{¶ 14} Risner alleges that Cyclone terminated his employment because he instituted a workers' compensation proceeding, which violated Risner's rights under Ohio law. That is, R.C. 4123.90 prohibits an employer from discharging an employee because that employee "filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act[.]" R.C. 4123.90. Therefore, to succeed, Risner must show that (1) he was terminated and (2) his termination was because he participated in the Bureau's January 29, 2018 hearing. If Cyclone did not terminate Risner or if he was terminated for reasons other than his participation in the Bureau's hearing, his wrongful termination claim would be unsuccessful.

{¶ 15} In support of its Civ.R. 60(B) motion, Cyclone relied upon an affidavit from its president and secretary, Gerold Bowers, as well as the transcript of Bowers' deposition. In the affidavit and at his deposition, Bowers denies that he ever told Risner that he was not allowed to take time off from work to attend a hearing related to his workers' compensation claim. Bowers claims that he merely asked Risner to provide medical documentation to verify that he could continue to operate Cyclone's vehicles given his recent injuries. Bowers also denies that he terminated Risner's employment.

7.

Bowers maintains that Risner voluntarily quit after their verbal altercation over the requested medical clearance.

{¶ 16} These operative facts, if true, demonstrate that Cyclone has a meritorious defense to Risner's wrongful termination claim. Therefore, the trial court did not abuse its discretion in determining Cyclone satisfied the first element necessary for relief from a default judgment.

**B. Cyclone is entitled to relief under one of the Civ.R. 60(B) grounds.**

{¶ 17} Cyclone sought relief from default judgment under Civ.R. 60(B)(1) on the grounds that its conduct in failing to answer or respond to Risner's complaint was excusable neglect. The Ohio Supreme Court "define[s] excusable neglect in the negative: a defendant's inaction is not excusable neglect if it can be deemed a complete disregard for the judicial system." (Internal quotations and citations omitted.) *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 23. When ruling on a Civ.R. 60(B) motion, the rule is to be "liberally construed with a view toward effecting a just result." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Each case must be decided on its own particular facts. *Hardy v. Maverick Properties,* 6th Dist. Lucas No. L-17-1167, 2018-Ohio-1235, ¶ 25, citing *Transamerican Ins. Co. v. Graham*, 6th Dist. Wood No. WD-82-47, 1982 Ohio App. LEXIS 15737 (Nov. 26, 1982).

{¶ 18} In its motion for relief, Cyclone identified Risner's previously filed administrative appeal as a source of confusion in its duty to respond to the wrongful

8.

termination claim. That is, Cyclone elected not to participate in the administrative appeal following a discussion with the Bureau's counsel. When Bowers later received the summons and complaint in the underlying case, he believed it was related to the ongoing administrative appeal. As a result, he mistakenly believed that the duty to respond fell under the Bureau's defense of the administrative appeal and that Cyclone did not need to respond. This confusion, Cyclone argues, supports a finding of excusable neglect under Civ.R. 60(B).

{¶ 19} Risner, however, maintains that Cyclone's neglect was inexcusable. He argues that Bowers' failure to read the summons and complaint, failure to respond to the motion for default, and failure to appear for the hearing on the motion for default, demonstrates a complete disregard for the judicial system. He argues that this case is analogous to another decision from this court, *Hai v. Flower Hospital,* 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295.

{¶ 20} In *Hai*, the plaintiff refiled a previously dismissed wrongful termination claim. The plaintiff was represented by both local counsel and out-of-state counsel for purposes of the refiling. Once the action was refiled, the trial court granted local counsel's motion to withdraw from its limited representation. The trial court then ordered plaintiff to obtain new local counsel in addition to her out-of-state counsel in accordance with Local Rules. Plaintiff failed to do so and her complaint was dismissed. Plaintiff's out-of-state counsel later sought relief from judgment pursuant to Civ.R. (60)(B)(1), arguing that although he was served with the trial court's order requiring the

9.

retention of local counsel, he did not actually see the order. The trial court denied the motion, finding that counsel's actions did not constitute excusable neglect. On appeal, we affirmed. We held that plaintiff's out-of-state counsel's failure to retain local counsel, despite a properly-served order that required him to do so, was not excusable neglect simply because he claimed to have never seen the court's order. *Id.* at ¶ 22.

{¶ 21} We conclude that the present case is distinguishable from *Hai*. There, plaintiff's attorney maintained that his failure to follow a properly-served court order was "excusable" for no reason other than "he never saw it." *Id.* As we stated in that case, "attorney conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect." *Id.*, quoting *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, fn. 8, 706 N.E.2d 825 (4th Dist.1997). In contrast, excusable neglect may exist where there are "unusual or special circumstances that justify the neglect of a party or her attorney." *Id.* We find such "unusual or special circumstances" in this case—i.e., Cyclone's mistaken belief that it did not need to respond to the complaint because the newly-filed action was part of the ongoing workers' compensation proceeding that the Bureau was defending on its behalf.

{¶ 22} The trial court concluded that Cyclone's confusion between the two pending cases was excusable neglect, and we cannot say that this conclusion was unreasonable, arbitrary, or unconscionable under the circumstances of this case— particularly considering that relief from judgment should be "liberally construed with a view toward effecting a just result." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21,

520 N.E.2d 564 (1988). We therefore find that the trial court did not abuse its discretion in finding appellant's failure to respond was the result of excusable neglect under Civ.R. 60(B)(1).

### C. Cyclone's Motion was made within a reasonable time.

{¶ 23} Default judgment in this matter was entered on December 28, 2018. Cyclone filed its motion for relief from judgment on January 24, 2019. Risner does not argue that the timing of Risner's motion was unreasonable, and we find that Risner's motion—filed within one month of the default judgment—was reasonable under the facts of this case. The trial court, therefore, did not abuse its discretion in finding the motion was filed within a reasonable time as required by Civ.R. 60(B).

### III. Conclusion

{¶ 24} Having determined the trial court did not abuse its discretion in finding Cyclone satisfied all elements entitling it to relief from the default judgment, we find Risner's assignment of error not well-taken. We affirm the July 23, 2019 judgment of the Sandusky County Court of Common Pleas and remand this matter for further proceedings. Risner is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                _____

Thomas J. Osowik, J.                          JUDGE

Christine E. Mayle, P.J.                      _____
CONCUR.                                      JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.