[Cite as *Am. Express Natl. Bank v. Bush*, 2020-Ohio-4424.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2019-L-130**<br>**2020-L-029** |
| BARBARA BUSH a.k.a.<br>BARBARA BUSH BOUCK, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeals from the Lake County Court of Common Pleas, Case No. 2019 CV 000085.

Judgment: Affirmed.

*Robert L. Dawson*, Zwicker & Associates, P.C., 2300 Litton Lane, Suite 200, Hebron, KY 41048 (For Plaintiff-Appellee).

*John M. Felter*, Tone, Grubbe, McGory & Vermeeren, LTD, 1401 Cleveland Road, Sandusky, OH 44870 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, Barbara Bush, appeals the Judgment Entries of the Lake County Court of Common Pleas granting judgment in favor of plaintiff-appellee, American Express National Bank, and denying her Motion for Relief from Judgment in this consolidated appeal.  For the following reasons, we affirm the decision of the court below.

{¶2}  On January 17, 2019, American Express filed a Complaint against Bush in

the Lake County Court of Common Pleas alleging that she had "defaulted upon the obligation to repay the Plaintiff for the credit services rendered by failing to make the required payments when due."

{¶3} On March 29, 2019, service was perfected by certified mail upon Bush at an address on Mentor Avenue in Painesville.

{¶4} On April 26, 2019, Bush advised the court by letter "to whom it may concern" that Canyon Legal Group "is handling this concern" and "representing me in this matter." No answer or notice of appearance was subsequently filed by any counsel on Bush's behalf.

{¶5} On July 9, 2019, the trial court set the matter for trial on September 20, 2019. Notice of the Entry was sent to "Barbara Bush, etc."

{¶6} On August 5, 2019, American Express filed a Motion for Default. The trial court set the matter for a non-oral, non-appearing hearing on August 30, 2019.

{¶7} On August 22, 2019, Bush, acting pro se, sought leave of court to file *Instanter* Answer to Plaintiff's Complaint.

{¶8} On August 27, 2019, the trial court granted Bush leave, accepted her *Instanter* Answer, "ordered that Plaintiff's Motion for Default Judgment is denied, and the non-oral hearing scheduled for August 30, 2019 is cancelled."

{¶9} On September 20, 2019, a bench trial was held at which Bush did not appear. The trial court ruled: "Based upon the testimony and the Exhibits, judgment is rendered in favor of the Plaintiff, American Express National Bank, and against the Defendant, Barbara Bush Bouck, in the amount of Thirty-Five Thousand Seven Hundred Ninety-Seven Dollars and Eighteen Cents ($35,797.18) plus court costs."

2

{¶10} On October 21, 2019, trial counsel entered an appearance on behalf of Bush and filed a Motion for Relief from Judgment. On the same date, a Notice of Appeal, assigned Court of Appeals No. 2019-L-130, was filed thereby divesting the trial court of jurisdiction to rule on the Motion for Relief from Judgment.

{¶11} On January 14, 2020, this court remanded the case to the trial court to rule on the Motion for Relief from Judgment.

{¶12} On January 21, 2020, American Express filed its Response in Opposition to the Defendant's Motion for Relief from Judgment.

{¶13} On February 7, 2020, the trial court denied the Motion for Relief.

{¶14} On March 9, 2020, Bush filed another Notice of Appeal, assigned Court of Appeals No. 2020-L-029. This court consolidated the appeals on March 19, 2020.

{¶15} On appeal, Bush raises the following assignments of error:

> [1.] The Trial Court erred when it entered judgment in favor of Appellee after the September 20, 2019 bench trial.
>
> [2.] The Trial Court erred when it denied Appellant's Motion for Relief from Judgment pursuant to Civ.R. 60(B).

{¶16} Under the first assignment of error, Bush claims "the evidence, even when construed in a light most favorable to the Appellee, which was presented to the Trial Court fails [to show the existence of a contract] and merely shows the existence of an unexecuted cardholder agreement and that the Appellant made payments to Appellee after Appellee sent her bills." Appellant's brief at 8.

{¶17} Judgments must be supported by sufficient (or competent) evidence and by the weight of the evidence (or credible evidence). *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 9-16. "[S]ufficiency is a test of adequacy" and

3

sufficient evidence is evidence which "is legally sufficient to support [a judgment] as a matter of law." *Id.* at ¶ 11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" *Eastley* at ¶ 12, quoting *Thompkins* at 387. A judgment is supported by the weight of the evidence if it is sustained by "*the greater amount of credible evidence.*" *Id.*

{¶18} Bush asserts that American Express failed to prove "acquiescence to the terms of the agreement either by way of execution of the agreement or acceptance by performance." Appellant's brief at 9. We disagree.

{¶19} At trial, the Cardmember Agreement admitted into evidence states the terms of a credit account between American Express as the issuer of a credit card and Bush as the cardmember. The Agreement provides that when Bush, as the person "for whom [American Express] opened the Account," either "use[s] the Account" or "sign[s] or keep[s] the card," she "agree[s] to the terms of the Agreement." Also introduced into evidence were account statements issued to Bush over the course of several years. The most recent statement was sent to Bush at the Mentor Avenue address at which service was perfected, carried a closing date of January 15, 2019, and indicated an outstanding balance of $35,797.18 which was the amount of the judgment entered by the trial court. Such evidence of use has been held sufficient to demonstrate a binding agreement even in the absence of a signed agreement. *Asset Acceptance LLC v. Davis,* 5th Dist. Fairfield No. 2004CA00054, 2004-Ohio-6967, ¶ 48 ("[p]ursuant to Ohio law, credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement"); *Discover Bank v. Poling,* 10th Dist. Franklin No. 04AP-1117, 2005-

4

Ohio-1543, ¶ 18.

{¶20} Additionally, American Express introduced check payments on the account endorsed by Bush. She asserts this evidence does not support the judgment as "there are any number of reasons that one would pay a credit card bill, even if there was no valid contract between them and the credit card company, such as fear of consequences for failure to make those payments * * *." Appellant's brief at 9. On the question of whether these check payments are probative of Bush's acqueiscence to the Cardmember Agreement or whether Bush made them voluntarily to avoid the consequences of defaulting on an Agreement, this court defers to the trier of fact. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

{¶21} The first assignment of error is without merit.

{¶22} In the second assignment of error, Bush claims the trial court erred by denying her Motion for Relief from Judgment.

{¶23} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *." Civ.R. 60(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),

5

(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶24} Civil Rule 60(B)(1) provides for relief on the grounds of "excusable neglect." "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" (Citation omitted.) *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980). The inquiry as to whether neglect is excusable or inexcusable "must of necessity take into consideration all the surrounding facts and circumstances." *Id.* at 249.

{¶25} "Should any prong of the standard for granting motions brought under Civ.R. 60(B) be unsatisfied, relief shall be denied." *Argo Plastics Prods. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984); *GTE Automatic* at 151 ("these requirements are independent and in the conju[n]ctive, not the disjunctive").

{¶26} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶27} The first requirement identified by *GTE Automatic* is the existence of a meritorious defense. Bush asserts that American Express failed to produce "evidence showing that Appellant ever agreed to the contract or interest rates and fees which were

6

incorporated into the judgment" and that it was necessary to join third parties to the underlying lawsuit, specifically her former business partner Daniel J. Jacobucci and Upgraded Industries, LLC for whose benefit the debt was incurred. Appellant's brief at 11.

{¶28} The trial court found these purported defenses inadequate:

> Plaintiff provided at trial the Cardmember Agreement ("Agreement") which states the Annual Percentage Rate ("APR") and the Penalty APR that is applied when at least one late payment has been made. The Agreement also states that "[w]hen you use the Account (or you sign and keep the card), you agree to the terms of the Agreement." Plaintiff also provided statements and payment records to verify the balance due. *See American Express Bank, FSB v. Knapp*, 11th Dist. Lake No. 2015-L-069, 2016-Ohio-762, ¶ 21 ("Utah law provides that a credit card agreement is binding if the cardholder is provided a written copy of the agreement, the agreement provides that use of the card constitutes acceptance, and the cardholder uses the card after receiving the agreement").
>
> * * * The court finds that [the Plaintiff's claim the judgment should be vacated so that she can file a third-party complaint] is not a defense to Plaintiff's complaint. Moreover, Defendant made no attempt to add third-party defendants during the entire pendency of this case, even after she consulted with counsel. The judgment in this case need not be vacated for Defendant to pursue an action against those individuals.

{¶29} We find the trial court's reasoning for rejecting Bush's meritorious defense sound. Neither of Bush's claims are proper defenses to American Express' suit. The claim that American Express failed to prove a binding contract at trial is an argument for appeal rather than a challenge to the merits of the action. *Anderson v. Garrick*, 8th Dist. Cuyahoga No. 68244, 1995 WL 601096, *5 ("Civ.R. 60(B) relief is not available as a substitute for appeal, and thus cannot be used to challenge the correctness of the trial court's decision on the merits"). Bush's Affidavit in support of her Motion for Relief does not deny that she used the credit account. Rather, she "demand[s] that American Express

7

meet their burden and prove that I had agreed to those fees and interest rates." Given that American Express did present evidence at trial that Bush agreed to the contract, fees, and interest rates, her purported defense is clearly meritless. Likewise, the claim that the debt incurred was for the benefit of third parties who were not intended beneficiaries under the contract is not a defense to the debt itself. We are aware of no authority to the contrary.

{¶30} Alternatively, the trial court found that Bush failed to demonstrate excusable neglect, the second requirement under *GTE Automatic*. Bush maintains "that all of her actions suggest that she intended to defend this matter * * * not that she completely disregarded the justice system." Appellant's brief at 10. Bush relies on the "negative" definition of "excusable neglect" proffered by the Ohio Supreme Court: "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system'." (Citation omitted.) *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102.

{¶31} The trial court rejected Bush's position as follows:

> Defendant claims excusable neglect for failing to appear for trial on the grounds that she did not receive the court's scheduling notice; however, this does not constitute excusable neglect. On July 2, 2019, the court generated a Hearing Notice scheduling the matter for trial. One week later, a Judgment Entry was filed setting a dispositive motion deadline and the trial date. Both events caused entries to appear on the Clerk of Court's docket. According to Defendant's Affidavit, she conferred with counsel in July or August prior to filing her pro se Answer on August 22, 2019. Therefore, even if Defendant did not receive the Hearing Notice and Judgment Entry that were mailed to her, the information was available on the docket well before Defendant filed her Answer. It was incumbent upon Defendant to check the docket to stay informed as to the status of the case, and her failure to keep informed about the progress of the case does not qualify as excusable neglect. *See Garrett v. Gortz*, 8ᵗʰ Dist. Cuyahoga No. 90625, 2008-Ohio-4369, ¶ 16.

{¶32} Again, the trial court's reasoning is sound. As with the Eighth District in

8

*Garrett*, this court has recognized that "[l]itigants have the obligation to know what is on the court's docket" and are "expected to keep themselves informed of the progress of their case." (Citations omitted.) *White v. White*, 11th Dist. Trumbull No. 2015-T-0052, 2015-Ohio-5342, ¶ 27. Here, a trial date was assigned and docketed prior to Bush seeking leave to file her *Instanter* Answer to Plaintiff's Complaint and so avoid a default judgment being entered against her. Here, too, she claimed excusable neglect for not filing a timely Answer. At this point, Bush had no excuse for not apprising herself of the status of her case. Yet, in her Affidavit, she claimed that she "presumed that after the answer was filed the Court would set the matter for further proceedings." Such inaction does not justify relief. As observed by other courts, "[e]xcusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Stollar v. TRST, LLC*, 5th Dist. Fairfield No. 2019 CA 00051, 2020-Ohio-3041, ¶ 17 (cases cited).

{¶33} Moreover, we do not agree with Bush's reading of the case law that, since complete disregard for the judicial system is not excusable neglect, anything short of complete disregard constitutes excusable neglect. Such a reading is contrary to the discretion that is afforded to a trial court in determining whether relief is justified. This discretion has been recognized by the Ohio Supreme Court as follows: "The [trial] court's discretion to determine whether excusable neglect exists 'necessarily connotes a wide latitude of freedom of action * * * and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion.'" (Citations omitted.) *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 22.

9

{¶34}  The second assignment of error is without merit.

{¶35}  For the foregoing reasons, the Judgments of the Lake County Court of Common Pleas are affirmed.  Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.