**File Name: 09a0358n.06**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Case No. 08-1702**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| In re JEROME DUNCAN, INC., | ) | **FILED**<br>**May 20, 2009**<br>LEONARD GREEN, Clerk |
| Debtor, | ) |  |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) |  |
| SHELIA SOLOMON, Trustee, | ) | ON APPEAL FROM THE |
|  | ) | BANKRUPTCY COURT FOR |
| Plaintiff-Appellant, | ) | THE EASTERN DISTRICT OF |
|  | ) | MICHIGAN |
| v. | ) |  |
| RICHARD J. DUNCAN, | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |

BEFORE: BATCHELDER, DAUGHTREY, and MOORE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this appeal we are asked to decide whether a Chapter 7 bankruptcy trustee can use a Federal Rule of Civil Procedure 60(b) motion to collaterally attack a Chapter 11 sale order that had become final before she was appointed. Because the trustee has not met the requirements for Rule 60(b) relief, we conclude that she cannot use Rule 60(b) in this case, and we AFFIRM the judgment of the bankruptcy court.

**I.**

Some time ago, Richard Duncan co-founded Jerome Duncan, Inc., an automobile dealership. In this appeal, Jerome Duncan, Inc. is the debtor and Richard Duncan is the defendant. For ease of explanation, suffice it to say that Jerome Duncan, Inc. filed for Chapter 11 bankruptcy and sought to sell the dealership to satisfy the claims of its creditors. The court appointed a Chapter 11 trustee

who found a buyer, agreed on a sale price of $14.3 million, and brought the deal to the court for its approval by filing a "sale motion." The court held a hearing on the sale motion, which was attended by all concerned parties, including counsel for an "unsecured creditors committee." Although there was an agreement in principle, intense negotiations occurred on the day of the hearing regarding multiple issues associated with the proposed sale order. One issue was that the purchaser wanted a public endorsement of the sale from Richard Duncan, whereupon Duncan sought, in exchange, a release of all claims against him (hereinafter the "Duncan Release"). Certain parties objected to the Duncan Release, though not the unsecured creditors committee; they agreed to it. The court considered and denied the objections, one of which concerned an alleged inadequacy of notice.

The court entered a Sale Order — containing the Duncan Release — on January 31, 2006, and the sale closed on February 6, 2006. No one appealed the Sale Order, not even the parties who had raised objections to the bankruptcy court. Sometime later, the court converted the bankruptcy to a Chapter 7 and appointed Sheila Solomon as trustee. Shortly thereafter, Solomon filed an adversary complaint against Richard Duncan, alleging that he owed the estate over $1 million. Duncan moved for summary judgment, arguing that the release in the Sale Order barred Solomon's claims. The bankruptcy court agreed that the Sale Order was a final order and, therefore, Solomon's attack on it was barred by res judicata. And, upon finding that Solomon was not entitled to equitable relief under Rule 60(b), the court granted summary judgment. Solomon appealed to the district court, which affirmed on the basis of the bankruptcy court opinion. Solomon now appeals here.

**II.**

In an appeal from a district court's review of a bankruptcy court's order, we review the bankruptcy court's order directly, giving no deference to the district court decision. *In re Hamilton*,

2

540 F.3d 367, 371 (6th Cir. 2008). "The bankruptcy court's findings of fact are reviewed for clear error, and questions of law are reviewed *de novo*." *Phar-Mor, Inc. v. McKesson Corp.*, 534 F.3d 502, 504 (6th Cir. 2008) (quoting *In re S. Air Transp., Inc.*, 511 F.3d 526, 530 (6th Cir. 2007)).

Solomon presses four arguments on appeal. The first is that the bankruptcy court erred by granting summary judgment based on res judicata because res judicata does not bar a Rule 60(b) motion. This is an accurate statement of the law but a misstatement of the facts. The bankruptcy court did invoke res judicata and explained (over the course of some seven pages) that res judicata would bar a separate claim.[1] Then, having completed that analysis, the court separately found that Solomon was not entitled to relief under Rule 60(b)(4) or 60(b)(6), and analyzed that issue without any reference to res judicata. Solomon's first argument is factually incorrect.

Next, Solomon argues that relief should be granted under Rule 60(b)(4) because the unsecured creditors were not given adequate notice of the Duncan Release, and therefore the Sale Order (which includes that release) is void as a violation of due process. But, this too is a misrepresentation of the facts. As the bankruptcy court explained:

> [A]ll parties in interest were present at the hearing on the sale order and had the opportunity to object to the Duncan release on the record as did counsel representing [those parties who did, in fact, object to it]. Specifically, the unsecured creditors, the constituency [for whom the] plaintiff is presumably attempting to recover through this lawsuit, were represented by competent counsel at the sale hearing. Debtor, Ford Motor Credit Corporation, and the creditors represented by the creditors' committee negotiated the Duncan release and supported its inclusion in the sale order.

Because the allegedly aggrieved parties (the unsecured creditors) did, in fact, have notice and an opportunity to be heard — at least insofar as their designated counsel was present at the hearing —

---

[1]Solomon does not argue that the bankruptcy court erred by concluding that res judicata bars her from pursuing a separate claim — in fact, she concedes that the Sale Order was a final order for purposes of res judicata and that it was never appealed, and insists that she is not bringing a separate claim. In any event, we find no error in that conclusion.

3

there is no factual basis on which we could find a failure of due process in this case.[2]

Solomon also argues that Duncan's promise to support the sale publicly is insufficient consideration to trade for the Duncan Release (of $1 million in alleged liabilities). The bankruptcy court found that Solomon's subjective view of the value of the consideration does not overcome "an agreement that was reached through arm's length negotiations between well-represented parties." Therefore, the court held, Solomon had not satisfied Rule 60(b)(6).[3] As we have stated:

> Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The 'something more' must include unusual and extreme situations where principles of equity *mandate* relief.

*Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (citations, quotation marks, editorial marks, and paragraph break omitted; emphasis in original). Despite Solomon's insistence, an arms-length negotiation and agreement between well-represented parties simply does not constitute an "unusual and extreme situation[] where principles of equity *mandate* relief."

Finally, Solomon contends that there is a material question of fact as to whether Duncan

---

[2]As one aspect of this due-process argument, Solomon contends that the bankruptcy court violated Federal Rule of Bankruptcy Procedure 9019(a), which requires formal notice to the creditors before "the court may approve a compromise or settlement." Duncan responds that the Release was not a "compromise or settlement," which would bring it within the purview of 9019; it was part of the purchase price of the dealership — a bargained-for condition in the agreement-of-sale given to Duncan, at the request of the purchaser, in exchange for his public support of the sale. We agree. Meanwhile, the bankruptcy court rejected Solomon's 9019 argument upon finding that all parties with a stake in the outcome had received notice. We agree with this as well and find this argument meritless.

[3]According to the bankruptcy court, Solomon had not even established that Rule 60(b)(6) relief was available, inasmuch as her factual contentions better fit Rule 60(b)(1) mistake, (2) new evidence, or (3) fraud; all of which would have been barred by the statute of limitations, and none of which was viable on the merits, anyway. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 459 (6th Cir. 2008) ("Rule 60(b)(6) is intended to apply in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses[.]" (quotation marks omitted)).

4

publicly supported the sale as promised. The bankruptcy court was satisfied that he had done so by not opposing the sale at the time of the agreement. Duncan also explains that his attorney issued an endorsement of the sale, on his behalf, in *Crain's* business magazine. Even if Solomon's claim is not a misstatement of the facts, this argument, like the forgoing, fails to satisfy Rule 60(b)(6).

## III.

For the foregoing reasons, we **AFFIRM** the bankruptcy court's judgment.