[Cite as *Worthington v. Admr., Bur. of Workers' Comp.*, 2021-Ohio-978.]


**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**


| | | |
|---|---|---|
| LORI L. WORTHINGTON | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-182 |
| | : | |
| ADMINISTRATOR, BWC, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of March, 2021.

. . . . . . . . . . .

SHAWN M. WOLLAM, Atty. Reg. No. 0078244, 2323 West Fifth Avenue, Suite 240, Columbus, Ohio 43204
    Attorney for Plaintiff-Appellee

MARK C. ENGLING, Atty. Reg. No. 0070870, 1 South Main Street, Suite 1800, Dayton, Ohio 45402
    Attorney for Defendant-Appellant, Ulbrichs Inc.

NATALIE J. TACKETT, Atty. Reg. No. 0040221, 150 East Gay Street, 22nd Floor, Columbus, Ohio 43215
    Attorney for Defendant-Appellant, Ohio Bureau of Workers' Compensation

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Ulbrichs Inc., appeals from a trial court order granting relief from judgment under Civ.R. 60(B)(5) to Plaintiff-Appellee, Lori L. Worthington. According to Ulbrichs, the trial court abused its discretion in granting the motion for relief from judgment because Worthington had failed to establish the existence of a meritorious claim. In addition, Ulbrichs contends that relief from judgment was barred because Worthington failed to appeal from the involuntary dismissal of her action. Ulbrichs further argues that the court's dismissal improperly operated as a Civ.R. 41(A)(2) dismissal, allowing Worthington an extra opportunity to dismiss her case and re-file.

{¶ 2} We conclude that relief from judgment was barred by res judicata because Worthington failed to appeal from the prior judgment dismissing the action. Furthermore, even if relief were not barred by res judicata, Worthington failed to establish that she had a meritorious claim for relief. The trial court's decision to grant the motion for relief from judgment therefore was an abuse of discretion. In view of these facts, the issue raised in the last assignment of error is moot.

{¶ 3} The trial court's judgment will be reversed, and this cause will be remanded for further proceedings.

I. Facts and Course of Proceedings

{¶ 4} According to the record before us, Worthington passed out at work and fell on October 27, 2018. As a result, she was taken to Upper Valley Medical Center Emergency Room for treatment. In the forms Worthington signed and in the medical records that day, no mention was made of a claim that Worthington had struck her right shoulder on a table when she fell. However, Worthington did make such a claim on

November 29, 2018, when she saw Dr. Scott Short.  *See* Ohio Industrial Commission Record of Proceedings attached to Notice of Appeal, p. 1.   After Worthington filed a claim for workers' compensation benefits, a district hearing officer denied the claim on December 13, 2018.   Worthington then appealed to a staff hearing officer, who affirmed the denial on January 16, 2019.   *Id.* at p. 1-2.

{¶ 5} The Staff Hearing Officer found that Worthington had failed to meet her "burden to eliminate idiopathic causes for her fall," that there was "no contemporaneous evidence that she fell and struck her right shoulder on a table when she passed out at work and fell," and that Worthington "did not meet her burden to prove that her idiopathic fall was worsened as a result of any condition of her employment."   *Id.* at p. 1.

{¶ 6} Worthington appealed from that decision on February 8, 2019, and the Industrial Commission denied the appeal on February 15, 2019.   The decision also notified Worthington of her right to pursue an appeal to the common pleas court.   *Id.* at p. 3.   Subsequently, on April 10, 2019, Worthington filed a notice of appeal with the Miami County Common Pleas Court and attached the record from the Industrial Commission.

{¶ 7} In the complaint that was filed with the notice of appeal, Worthington alleged that she had sustained right shoulder injuries on October 27, 2018, while working for Ulbrichs, and asked the court to hold that she had the right to participate in the workers' compensation system.   After the Bureau of Workers' Compensation (BWC) Administrator and Ulbrichs filed answers, the trial court issued an order on July 30, 2019, setting various deadlines, including a discovery deadline of December 17, 2019, and a trial date of March 17, 2020.

{¶ 8} On November 6, 2019, Ulbrichs filed a motion to compel discovery.   The

affidavit attached to the motion, Exhibit A, stated that Worthington had been served on September 23, 2019, with a first set of interrogatories, a request for production of documents, and unexecuted medical and employment authorizations. Ex. A, ¶ 2. After receiving no discovery, Ulbrichs sent Worthington's counsel an email on October 22, 2019, to ask about the overdue responses. Having received no response to this email, Ulbrichs sent a follow-up letter on October 28, 2019. *Id.* at ¶ 3-4. However, Ulbrichs received no response to this letter, nor any explanation. Ulbrichs then filed the motion to compel. *Id.* at ¶ 5.

{¶ 9} Worthington also did not respond to the motion to compel. As a result, on December 9, 2019, Ulrich filed another request for an order to compel discovery. On December 30, 2019, the trial court filed an order compelling Worthington to serve her responses on or before January 13, 2020 (which was after the initial discovery deadline had passed). After holding a scheduling conference, the court filed an amended order on January 15, 2020, extending the discovery deadline to March 10, 2020, and setting a trial date for July 22, 2020.

{¶ 10} By agreement of the parties, Ulbrichs was to take Worthington's deposition on March 11, 2020, which was one day after the discovery deadline expired. However, Worthington failed to appear for her deposition. Ulbrichs then filed a motion asking the court to involuntarily dismiss Worthington's action pursuant to Civ.R. 41(B)(1). Worthington did not respond to this motion either. As a result, the court granted the motion for involuntary dismissal and dismissed the case with prejudice on May 11, 2020.

{¶ 11} Worthington did not appeal from the judgment of involuntary dismissal.[1]

---

[1] A review of the docket for this case indicates that the only notice of appeal ever filed

Subsequently, on June 30, 2020, Worthington filed a notice of dismissal in the trial court, pursuant to Civ.R. 41(A)(1)(a). The same day, Worthington filed a motion for relief from the judgment of involuntary dismissal, citing Civ.R. 60(B)(1) and (5). The motion was based on the March 27, 2020 decision of the Supreme Court of Ohio related to the COVID-19 pandemic, which tolled time requirements for filings and deadlines, retroactive to March 11, 2020, and through July 30, 2020. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974.

{¶ 12} Ulbrichs did not respond to the motion for relief from judgment.[2] On July 28, 2020, the trial court granted Worthington's motion for relief from judgment and vacated the involuntary order of dismissal with prejudice. *See* Judgment Granting Relief from Judgment. The court rejected the idea of excusable neglect, but concluded that relief was warranted under Civ.R. 60(B)(5), because under the court's own tolling order, Worthington would not have been obligated to respond to the motion for involuntary dismissal until May 18, 2020. However, the court had ordered dismissal on May 11, 2020, before the response was due. *Id*. at p. 3. The court therefore vacated the order dismissing the case with prejudice. In a footnote, the court commented that, "The Court notes Plaintiff filed a notice of voluntary dismissal, Civ.R. 41(A)(1)(a) on June 30, 2020;

---

was the August 26, 2020 notice of appeal that Ulbrichs filed to challenge the trial court's grant of the motion for relief from judgment. "Under established law, courts may appropriately take judicial notice of judicial opinions and public records that are accessible via the internet." *State v. Carr*, 2d Dist. Montgomery No. 28360, 2020-Ohio-42, ¶ 4, fn.2.

[2] Ulbrichs contends that it did not receive a copy of the motion. Based on that fact, Ulbrichs filed a Civ.R. 60(A) motion on August 21, 2020. This motion is still pending in the trial court.

therefore, the case is dismissed without prejudice, effective with this order." *Id.* at p. 3, fn. 1.

{¶ 13} Ulbrichs timely appealed from the judgment on August 26, 2020, and has raised two assignments of error.

## II.   Abuse of Discretion in Granting Civ.R. 60(B) Relief

{¶ 14} Ulbrichs's First Assignment of Error states:

The Trial Court Abused Its Discretion in Granting Worthington's Motion for Relief From Judgment Where Worthington Failed to Establish the Existence of a Meritorious Claim or Entitlement to Relief under Civ.R. 60(B)(1).

{¶ 15} Under this assignment of error, Ulbrichs contends that the trial court abused its discretion in granting relief because Worthington's motion failed to make even a prima facie showing that her claims had merit.   Ulbrichs further argues that the trial court should not have applied Civ.R. 60(B)(5) when no excusable neglect occurred.   And finally, Ulbrichs contends that res judicata applied because Worthington did not appeal from the court's initial judgment.

{¶ 16} As pertinent here, Civ.R. 60(B) provides that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment.   The motion shall be made within a reasonable time, and for reasons (1), (2) and

(3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 17} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. These requirements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151.

{¶ 18} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Moreover, "[t]he grounds for invoking Civ.R. 60(B)(5) should be substantial." *Id.* at paragraph two of the syllabus. This section of the rule "is only to be used in an extraordinary and unusual case when the interests of justice warran[t] it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

{¶ 19} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. * * * An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997), citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799

(1995). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 20} After reviewing the record, we agree Worthington was barred from relief by res judicata because she failed to appeal from the order involuntarily dismissing her case.

{¶ 21} "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. * * * However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15. *Accord, e.g., In re Complaint of Pilkington N. Am., Inc.*, 145 Ohio St.3d 125, 2015-Ohio-4797, 47 N.E.3d 786, ¶ 3; *Barton v. Barton*, 2d Dist. Greene No. 2015-CA-53, 2016-Ohio-5264, ¶ 14 and 23; *Walters v. Moffett*, 10th Dist. Franklin No. 18AP-46, 2018-Ohio-3690, ¶ 7; *Bank of New York Mellon v. Martin*, 1st Dist. Hamilton No. C-140314, 2015-Ohio-2531, ¶ 34-35; *Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 29; *Marcellino v. Geauga Humane Soc.*, 11th Dist. Geauga No. 2018-G-0180, 2019-Ohio-2093, ¶ 20; *Scrimizzi v. Scrimizzi*, 12th Dist. Warren No. CA2018-11-131, 2019-Ohio-2793, ¶ 53. *See also Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus ("[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal").

{¶ 22} "Where the defect of the judgment is apparent from the record, an appeal will lie; where it is not, relief must be sought under Civ.R. 60(B), because error cannot be

demonstrated from the record. * * * 'Thus, when one party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal.' " *Deutsche Bank Tr. Co. Americas v. Ziegler*, 2d Dist. Montgomery No. 26287, 2015-Ohio-1586, ¶ 56, quoting *Blount v. Smith*, 8th Dist. Cuyahoga No. 96991, 2012-Ohio-595, ¶ 9.

{¶ 23} Here, the matters at issue in connection with the initial involuntary dismissal were apparent in the record and could have been resolved on appeal. First, the tolling order of the Supreme Court of Ohio was available, and Worthington could have argued that the involuntary dismissal was erroneous based on that ground. Specifically, the March 27, 2020 tolling order for filing deadlines was imposed retroactively to March 9, 2020, and extended until July 30, 2020, or when the COVID-19 emergency ended, whichever was sooner. *In re Tolling of Time Requirements*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974, at subsection (A) and (B)(2).

{¶ 24} More importantly, Subsection (G) of the tolling order gave local courts authority to impose their own tolling orders. Specifically, this subsection stated:

> Notwithstanding the tolling of time requirements imposed by this order, the Court, local court, hearing panel, board, or commission, as applicable, may still require filing in accordance with existing rules and issue orders setting a specific schedule in a case or requiring parties to file documents by a specific due date if pertaining to a situation that requires immediate attention. A specific order in a case issued on or after March 9, 2020, shall supersede the tolling provisions of this order, unless otherwise noted in that specific order.

{¶ 25} Consistent with this authority, the Miami County Common Pleas Court issued its own tolling order on March 20, 2020, stating, "All non-essential trials, hearings and proceedings in the criminal, civil and domestic relations cases are hereby suspended and continued for a period of forty[-]five (45) days." *See Further Temporary Order in Response to the Covid-19 (Coronavirus) Public Health Crisis* (Miami C.P., Mar. 20, 2020). By its own terms, that order expired on May 4, 2020.

{¶ 26} As the trial court noted in its entry granting relief from judgment, this would have extended the 14-day period for Worthington's response to May 18, 2020, which was after the court entered the involuntary dismissal. This was apparent on the face of the record, and Worthington could have raised it on appeal. Rather than doing so, Worthington filed a motion for relief from judgment.[3]

{¶ 27} Under the Ohio Supreme Court's tolling order (which applied to the filing of appeals to our court), Worthington would have had 30 days after July 30, 2020, to file her notice of appeal from the trial court's May 11, 2020 decision dismissing her case. While Worthington may have believed she did not need to appeal from the involuntary dismissal because her motion for Civ.R. 60(B) relief had been granted, that assumption was incorrect. Worthington had the ability to directly appeal from the involuntary dismissal and could also have filed a motion for relief from judgment.

{¶ 28} Specifically, there was no barrier to filing both an appeal and a motion for relief from judgment. "[W]here a motion to vacate a judgment is pending in the trial court and an appeal is also pending on the same judgment, * * * the appellant may move the

---

[3] As indicated in fn.1, we checked the docket in this case, and Worthington has never filed a notice of appeal from the involuntary dismissal.

appellate court, for good cause, to remand the matter to the trial court for a hearing on the motion to vacate without divesting the appellate court of jurisdiction to hear the pending appeal if it is not rendered moot by the hearing on the motion to vacate." *Majnaric v. Majnaric*, 46 Ohio App.2d 157, 161, 347 N.E.2d 552 (9th Dist.1975). *Accord Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994); *Huntington Natl. Bank v. Payson*, 2d Dist. Montgomery No. 26396, 2015-Ohio-1976, ¶ 27 (where motion for Civ.R. 60(B) relief was filed two weeks after judgment, and notice of appeal was filed two weeks later, the trial court did not err by refusing to hold a hearing on the motion to vacate judgment).

{¶ 29} Accordingly, both an appeal and a Civ.R. 60(B) motion may be filed to challenge a trial court's decision, and Worthington could have done so. Furthermore, while the time for filing a notice of appeal from the involuntary dismissal did not expire until after the trial court set aside the judgment on July 28, 2020, that does not change the analysis. The reason for this is that a grant of relief from judgment is a final appealable order. R.C. 2505.02(B)(3). This allowed Ulbrichs to file an immediate appeal, which it did.

{¶ 30} If Worthington had also appealed from the involuntary dismissal, that judgment would have been properly before us, and we could have decided which trial court decision was correct. However, since Worthington failed to appeal, she was left, in the event of an adverse appellate judgment, without the remedy she would have had if she had properly appealed. Even if Worthington claimed she were willing to forego that remedy, her choice would be irrelevant. As indicated, a party may not use Civ.R. 60(B) as a substitute or in lieu of appeal. *Colley v. Bazell*, 64 Ohio St.2d 243, 245, 416 N.E.2d

605 (1980).

{¶ 31} Furthermore, Ulbrichs filed its notice of appeal on August 26, 2020. At that time, several days remained during which Worthington could have filed a notice of appeal challenging the initial decision to involuntarily dismiss her case. This could easily have been done, and again, it would have afforded Worthington with a remedy if we held that the trial court erred in granting the motion for relief from judgment.

{¶ 32} The case before us presents a unique situation, in which the grant of the motion for relief from judgment occurred before the time for filing a notice of appeal expired. We have found no authority in Ohio specifically discussing situations where a motion for relief from judgment is filed and is also decided before the time for appeal has run. The parties also have not brought any such cases to our attention. This is probably because courts would rarely decide such motions within the 30-day appeal time. Notably, this situation would not have occurred in the case before us, but for the fact that filing deadlines were tolled. The trial court's order on the motion for relief from judgment was filed on July 28, 2020, which was more than 30 days after the May 11, 2020 involuntary dismissal.

{¶ 33} In *Smith v. Bd. of Health*, 4th Dist. Scioto No. 92CA-2095, 1993 WL 256323, (June 29, 1993), the plaintiff filed a motion for relief from judgment within the time allotted for appeal, and her motion was denied. She appealed from the denial of the motion but did not appeal the original judgment. *Id.* at *1. The case involved claims of "legal error" in the trial court's judgment entry under Civ.R. 60(B)(1), which the appellate court interpreted as asserting the kind of error that properly falls under Civ.R. 60(B)(5). *Id.* at *1 and 5. The record is not clear concerning whether, as here, the decision denying relief

from judgment was filed within the appeal time for challenging the original dismissal of the action. Nonetheless, the analysis in the case is of interest.

{¶ 34} In deciding whether the motion for relief was properly denied, the Fourth District Court of Appeals discussed case law concerning two situations: (1) cases where a motion for relief was filed after the time for filing a notice of appeal had expired; and (2) cases where the motion was filed before the appeal time had elapsed. Regarding the latter circumstance, the court discussed three options: (1) that Civ.R. 60(B) is never a substitute for appeal; (2) that "[p]arties may seek relief from judgment under Civ.R. 60(B) based upon error of law when the motion is filed within the time for appeal and the claimed mistake is obvious and apparent on the record"; and (3) that "[p]arties may seek relief from judgment based upon any alleged legal error if the motion is filed within the time allowed for appeal." *Id.* at *3, 5, and 6.

{¶ 35} The court of appeals agreed with the first option, i.e., that in this situation, Civ.R. 60(B) is never a substitute for an appeal. This was based on existing case law; the fact that the Ohio Civil Rules do not permit tolling of appeal time for Civ.R. 60(B) motions, unlike other motions such as motions for a new trial; and the fact that "a motion seeking relief from judgment based upon legal error is the functional equivalent of a motion to reconsider a final appealable judgment. The Ohio Rules of Civil Procedure do not provide a procedure for reconsideration of a trial court's final judgment and such motions are a nullity." *Id.* at *3, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph one of the syllabus.

{¶ 36} In addition, the court commented that parties should not be allowed to circumvent the function of appellate courts, which is to correct legal error by trial courts.

*Id.* at *4. And finally, the court did not find the idea of increased judicial economy persuasive. The court observed, "If the parties had been amenable to agreement the matter would have been resolved before the trial court's original decision. In all probability the inevitable appeal will come from the party who now claims error in the granting of the Civ.R. 60(B) motion." *Id.* at *5. This is exactly what occurred in the case before us.

{¶ 37} As indicated, the second option discussed was whether motions should be permitted before appeal time lapses where the legal error is obvious and apparent on the face of the record. However, the court rejected this option as well, commenting that "[t]he problem with adopting this rule is that the standard 'obvious legal error' is difficult to define, calling for a case by case determination, usually by an appellate court. Further, as noted above, it is unlikely that a party who had initially been granted judgment would agree with the Civ.R. 60(B) relief and forego their right to appeal. Again, we are forced to ask, 'Where's the economy?' " *Id.* at *6.

{¶ 38} The court of appeals also noted that "[a] potential alternative is to require the trial court to make a preliminary ruling on whether the alleged error was obvious and plain from the record or whether the issue would be more appropriately decided by the appeals court. This approach, too, raises problems, for example, the trial court failing to make this ruling until the appeal period has expired." *Id.*

{¶ 39} The third option was to allow motions for relief from judgment if they are filed within the time for filing a notice of appeal, even if the legal error is not obvious. The court rejected this option because "the request seems to be a disguised motion for reconsideration which has been explicitly held to be a nullity. * * * Further, allowing a court

to reconsider its prior ruling under the guise of a 60(B) motion may do nothing more than postpone the inevitable appeal." *Id.* at \*7. The court therefore held that "[h]aving fully considered all of these options, we hold that Civ.R. 60(B) cannot be used as a substitute for appeal, even when the Civ.R. 60(B) motion is filed within the period for a timely appeal." *Id.* The court did not go on to consider the other two requirements for relief, because it concluded that the second requirement, "entitlement to relief under Civ.R. 60(B)(1)-(5)" was not satisfied. *Id.* The court's decision did not discuss res judicata.

{¶ 40} There are situations where a party has filed a motion to set aside the judgment before the time for appeal has lapsed and then only appeals the judgment on the motion. For example, in *Colley*, 64 Ohio St.2d 243, 416 N.E.2d 605, the defendant filed a motion for relief from judgment before the time for filing a notice of appeal from the original judgment had expired. *Id.* at 243. Specifically, a default judgment was granted on February 13, 1978, and the motion for relief from judgment was filed on February 24, 1978. *Id.* After the motion was overruled, the defendant filed a notice of appeal from that judgment. *Id.* at 244. The defendant did not appeal from the default judgment, however; he only appealed from the denial of his motion for relief from judgment and from an order denying reconsideration of that motion. *Id.* The court of appeals then reversed the trial court's decision as to a hearing on damages, but not as to liability. *Id.*

{¶ 41} On further appeal to the Supreme Court of Ohio, the plaintiff claimed that the defendant's "appeal from the denial of his application for Civ.R. 60 relief should have been dismissed by the Court of Appeals because the notice of appeal was filed on May 9, 1978, more than 30 days following the granting of the default judgment on February 13, 1978." *Id.* at 245.

{¶ 42} The Supreme Court of Ohio agreed with the plaintiff that "the time for filing a notice of appeal from a judgment is not tolled by either the filing of a Civ.R. 60(B) motion for relief from judgment or a motion to reconsider." *Id.* at 245. The court also agreed that "a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged." *Id.* However, the court rejected the plaintiff's argument, stating that the defendant was not appealing from the original default judgment; he was only appealing from the denial of his motion for relief from judgment. *Id.* at 245-246.

{¶ 43} At first blush, this may seem to indicate that Worthington could file a motion for relief from judgment and not have to also appeal from the involuntary dismissal. However, the difference between *Colley* and the current situation is that the defect there was not apparent on the face of the record. Specifically, the case involved excusable neglect, and the motion was supported by affidavits and documents showing that the defendant timely and properly forwarded the litigation papers to his insurance agent. However, due to delay in the mail, the papers did not arrive at the insurer's office until after the time for filing the answer had elapsed. *Id.* at 244. These are matters that could not have been resolved on the basis of the record existing when the default judgment was granted. The motion also involved different issues than the decision on the default judgment. As a result, the defendant's failure to appeal from the default judgment did not prevent the appellate court from considering the motion for relief from judgment. Again, this is not the situation here. Furthermore, Worthington is not appealing from a judgment denying her motion for relief from judgment; she did not appeal at all.

{¶ 44} Perhaps a more accurate way of considering the application of these matters is that, whether or not the time for appeal has lapsed, Civ.R. 60(B) may not be

used as a substitute for appeal if the matter can be resolved based on the content of the record that existed when the trial court's original decision was made. This would particularly be true in situations involving "court errors and omissions," which are generally held to be included within Civ.R. 60(B)(5). *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.2d 345, 347, 364 N.E.2d 284 (1977). *See also Templin v. Grange Mut. Cas. Co.*, 2d Dist. Montgomery No. 12261, 1991 WL 60657, *5 (Apr. 8, 1991) ("the form of 'error or omission' contemplated by Civ.R. 60(B)(5) must arise from circumstances chargeable to the court or otherwise beyond the control of the movant"). This is not to say a motion based on a trial court's errors or omissions could never be based on matters outside the record, only that this would be less common.

{¶ 45} As indicated, the trial court's decision to involuntarily dismiss the action before Worthington had an opportunity to respond and any error in the decision could have been evaluated on the record as it existed when the motion was granted. Consequently, the dismissal should have been appealed. Because Worthington failed to appeal, her claim is precluded by res judicata. *Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at ¶ 15.

{¶ 46} "Res judicata is a judicially created doctrine premised on the belief that 'public policy, judicial orderliness, economy of judicial time, and the interest of litigants, as well as the peace and order of society, all require that stability should be accorded judgments, that controversies once decided on their merits shall remain in repose, that inconsistent judicial decisions shall not be made on the same set of facts, and that there be an end to litigation * * *.' " *Berry v. Berry*, 2d Dist. Montgomery No. 13746, 1993 WL 295096, *3 (July 28, 1993), quoting 46 American Jurisprudence 2d, Judgments, Section

395 at 559-561 (1969).

{¶ 47} Under this doctrine, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

{¶ 48} Here, the trial court dismissed the case for lack of prosecution under R.C. 41(B)(1), with prejudice. *See* Judgment Granting Relief from Judgment (July 28, 2020). At first glance, one might think that such a dismissal did not consider the merits of the case. Unfortunately, however, Civ.R. 41(B)(3) provides that "[a] dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication *upon the merits* unless the court, in its order for dismissal, otherwise specifies."[4] (Emphasis added.)

{¶ 49} In the case before us, the court did not specify that the dismissal was without prejudice; as noted, the court dismissed the case with prejudice. Therefore, the judgment was on the merits, and res judicata applies. As a result, Worthington's failure to appeal from the involuntary dismissal barred her ability to obtain relief from judgment. *Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at ¶ 15.

{¶ 50} Unlike Ohio, federal courts do not rely on res judicata in this context. "Rather than using res judicata, federal courts hold that the party has failed to qualify for relief under Fed.Civ.R. 60(b)(6) because he chose not to appeal from the judgment." *In re Gledhill*, 76 F.3d 1070, 1082 (10th Cir.1996) (discussing the federal counterpart to

---

[4] Civ.R. 41(B)(4) pertains to dismissals for lack of jurisdiction over a person or subject matter or for failure to join parties, which are specifically designated as dismissals that "operate as a failure otherwise than on the merits."

Civ.R. 60(B)(5)).

{¶ 51} In *Gledhill*, the court further commented that:

The doctrine of res judicata bars a *collateral* attack on a final judgment, but "does not apply to direct attacks on judgments." *Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir.1985); *see also* 1B James William Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 0.407 (2d ed. 1995) ("It is elementary, of course, that res judicata does not preclude a litigant from making a direct attack upon the judgment before the court that renders it."). Rule 60(b) provides a procedural avenue whereby, in appropriate circumstances, a party may assert a direct attack on a final judgment or order. *See* Fed.R.Civ.P. 60(b); *Liljeberg [v. Health Services Acquisition Corp.*], 486 U.S. [847] at 863, 108 S.Ct. [2194] at 2204[,100 L.Ed.2d 855 (1988)]. Thus, " '[r]es judicata does not preclude a litigant from making a direct attack under Rule 60(b) upon the judgment before the court which rendered it.' " *Weldon v. United States*, 70 F.3d 1, 5 (2d Cir.1995) (quoting *Watts* [v. *Pinckney*], 752 F.2d [406] at 410 [(9th Cir.1985)] (quotation and alteration omitted); *see also* 1B Moore & Lucas, *supra*, ¶ 0.407 (stating that res judicata does not bar a litigant from seeking Rule 60(b) relief from the court which rendered the judgment).

(Emphasis sic.) *Gledhill* at 1082-1083. *See also Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir.2000); *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir.1974); *In re Jerome Duncan, Inc.*, 333 Fed.Appx. 14, 16 (6th Cir.2009); and *PennyMac Corp. v. Godinez*, 148 Hawai'i 323, 330, 474 P.3d 264 (2020) (noting that *Kuchta*, 141 Ohio St.3d

75, 2014-Ohio-4275, 21 N.E.3d 1040, "goes against the weight of authority on this subject").

{¶ 52} Thus, under the federal approach, where a party fails to appeal from the original judgment and the relevant facts are ascertainable on the record, the case simply does not fall within the circumstances allowing Civ.R. 60(B) relief. This is similar to the approach outlined in *Smith*, 4th Dist. Scioto No. 92CA-2095, 1993 WL 256323. As noted, *Smith* did not rely on res judicata, but held that the requirements in Civ.R. 60(B)(5) were not satisfied. *Id.* at *7.

{¶ 53} Logic dictates that in situations where facts outside the record apply (as in cases like *Colley*, where post-judgment affidavits or facts were presented), the case would fall within the circumstances allowing Civ.R. 60(B) relief, and where the motion is denied, the aggrieved party can appeal the denial of the motion for relief from judgment even if he or she did not appeal from the original judgment. As an example, *see Lemoge v. United States*, 587 F.3d 1188 (9th Cir.2009).

{¶ 54} In *Lemoge*, the plaintiff's attorney did not respond to a court order asking why the case should not be dismissed due to his failure to serve the government with the summons and complaint within 120 days. *Id.* at 1191. Thereafter, the court dismissed the case on that basis. A motion for relief from judgment was filed seven months later, and testimony at a hearing revealed that the attorney's extensive medical problems demonstrated excusable neglect. *Id.* at 1196-1197. That, along with satisfaction of other factors, justified setting the judgment aside, and the court of appeals reversed the trial court's decision. *Id.* Quite obviously, an appeal from the original judgment would have been futile, as none of these facts were known or were in the record. Therefore,

resort to Civ.R. 60(B) and an appeal from an adverse decision on that ground was appropriate.

{¶ 55} Despite the fact that the Ohio and federal approaches differ, the same result would occur here under either approach, because Worthington failed to appeal from the trial court's decision to grant the motion for relief from judgment. While this holding is fatal to Worthington's claim, we will consider another issue, as it provides further grounds for reversing the trial court's decision. As noted, Ulbrichs also argues that the trial court erred by failing to address the requirement in Civ.R. 60(B) that Worthington have a meritorious claim.

{¶ 56} Along with the other requirements in Civ.R. 60(B), a party must prove that she "has a meritorious defense or claim to present if relief is granted." *GTE Automatic Elec.,* 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph one of the syllabus. As indicated, the requirements in Civ.R. 60(B) are "independent and in the conjunctive, not the disjunctive." *Id.* at 151. Therefore, Worthington must have proven that she had a meritorious claim to present.

{¶ 57} In *Colley*, which was a legal malpractice action, the court commented that "[t]he movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense." *Colley*, 64 Ohio St.2d at 247, 416 N.E.2d 605, fn.3. This comment was made in the context of the defendant's affidavit, which stated, among other things, that he told his client the law was strongly against him and that suit would be futile. *Id.* The defendant also said he had advised the client in time to get other counsel. *Id.* Although the client disputed this, the court stressed that "a determination of such a dispute is not appropriate where the issue is resolution of the motion for relief

from judgment." *Id.* The court then made the above comment about the movant's burden and found the defendant had shown that he had a meritorious defense. *Id.* at 247 and fn.3.

**{¶ 58}** In the case before us, Worthington's motion for relief from judgment was extremely brief, and made no mention of having a meritorious claim. To the contrary, Worthington simply stated that if the court sustained her motion for relief from judgment, she would file her own notice of voluntary dismissal and re-file the action in accord with the Savings Statute. Motion for Relief from Judgment at p.1.[5] The court's decision granting relief from judgment also said nothing about whether Worthington had a meritorious claim.

**{¶ 59}** In responding to Ulbrichs's argument, Worthington states that "[u]nfortunately, depositions did not proceed and the record is thus very limited." Appellee's brief, p. 4. This ignores the fact that depositions did not proceed because Worthington failed to appear for her deposition, which by agreement, had been scheduled after the discovery deadline expired.

**{¶ 60}** According to Worthington, she was entitled to rely on her complaint, which asserted that she suffered right shoulder injuries as a result of an accident while employed at Ulbrichs. *Id.* However, Worthington did not raise this point in the trial court. "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121,

---

[5] In fact, Worthington had already filed her notice of dismissal – on the same day the motion for relief from judgment was filed, but prior to the filing of the motion.

679 N.E.2d 1099 (1997).

{¶ 61} Even if we were to consider Worthington's argument, "[t]he movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Therefore, *he must submit factual material* which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense [or claim]". (Emphasis and parenthetical material added.) *Adomeit*, 39 Ohio App.2d at 103, 316 N.E.2d 469. "In order to satisfy that requirement the motion and/or the affidavit submitted in support of the motion must set out operative facts which, if true, constitute a prima facie showing of the claim or defense concerned. A prima facie showing is one which is '[s]ufficient to establish a fact or raise a presumption unless disapproved or rebutted.' " *Stewart v. Heard*, 2d Dist. Montgomery No. 20787, 2005-Ohio-5241, ¶ 24, quoting Black's Law Dictionary (7th Ed.). Furthermore, "conclusory allegations without any evidentiary support" do not establish a basis for relief under Civ.R. 60(B). *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 08AP-330, 2008-Ohio-6911, ¶ 37. *Accord Younomics Private Student Loan Tr. v. McKinley*, 2d Dist. Montgomery No. 28630, 2020-Ohio-3989, ¶ 19.

{¶ 62} Although Worthington did not have to prevail on the merits of her claims, she made no effort at all to make a prima facie case in her motion. To the contrary, she only indicated she was going to dismiss the action and re-file if the claim for relief were granted. She did not explain her reasons for doing so, and we refuse to speculate.

{¶ 63} Furthermore, the trial court failed to even mention the issue of a meritorious claim in its decision. Accordingly, we agree with Ulbrichs that the motion for relief from judgment should not have been granted, and the trial court abused its discretion in doing

so.

{¶ 64} Based on the preceding discussion, the First Assignment of Error is sustained. Because this resolves the matter, there is no need to discuss any other argument Ulbrichs has raised in support of this assignment of error.

{¶ 65} As a final matter, we note that our reversal of the order granting relief from judgment means that the original involuntary dismissal regains its status as the court's final order. As a result, the Civ.R. 41(A)(1)(a) notice of dismissal that Worthington filed on June 30, 2020, has no force or effect. *Pearce v. Church Mut. Ins. Co.*, 9th Dist. Medina No. 02CA0101-M, 2003-Ohio-3147, ¶ 15. However, because a Civ.R. 60(A) motion is still pending, this matter will be remanded to the trial court for further proceedings.

### III.  Effect of Court's Dismissal

{¶ 66} Ulbrichs's Second Assignment of Error states:

> The Trial Court Erred in Dismissing Worthington's Complaint Without Prejudice Where Such Dismissal Acts as a Dismissal Without Prejudice Pursuant to Civ.R. 41(A)(2), Thereby Permitting Worthington to File, Dismiss, and Re-File Her Complaint a Third Time.

{¶ 67} Under this assignment of error, Ulbrichs contends that the trial court's order improperly converted Worthington's Civ.R. 41(A)(1)(a) dismissal into a court-ordered dismissal under Civ.R. 41(A)(2), which would avoid Ohio's "double-dismissal" rule and would give Worthington an extra opportunity to dismiss her case again.

{¶ 68} "The 'double dismissal' rule is set forth in Civ.R. 41(A)(1): 'a notice of

dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.'   The second voluntary dismissal is thus with prejudice, and res judicata will bar the filing of a third action."   *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 16, citing *State ex rel. Dillard Dept. Stores v. Ryan*, 122 Ohio St.3d 241, 2009-Ohio-2683, 910 N.E.2d 438, ¶ 13, and *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 8.

**{¶ 69}** Because the effect of our opinion is to return the status of the case to an involuntary dismissal with prejudice under Civ.R. 41(B)(1), this argument is moot. Accordingly, the Second Assignment of Error is overruled.


IV.   Conclusion

**{¶ 70}** Ulbrichs's First Assignment of Error having been sustained, and its Second Assignment of Error having been overruled as moot, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.


Copies sent to:

Shawn M. Wollam
Mark C. Engling
Natalie J. Tackett
Hon. Stacy M. Wall