DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment by the Toledo Municipal Court that stated that William Houttekier, d/b/a/ Spray Insulations Systems, ("SIS") was to pay Midwest Environmental Controls, Inc. ("Midwest") $3,429, as an amount for unjust enrichment. Because we conclude that this appeal is taken from a void judgment of the Toledo Municipal Court, we dismiss the appeal.
 {¶ 2} In Midwest Environmental Controls, Inc. v.Houttekier, 6th Dist. No. L-02-1259, 2003-Ohio-3103, we reversed the judgment of the Toledo Municipal Court and remanded the case for further proceedings consistent with our decision. That decision explained that SIS would be unjustly enriched if it were allowed to keep both the money Midwest paid and the materials bought for an asbestos removal project at Bowling Green State University. Id., at ¶ 8. On remand, in December 2003, the trial court entered a final and appealable judgment that ordered that Midwest should recover from SIS "the sum of $8,951.00, plus the costs of this action, plus interest from the date of the judgment." SIS then filed a "motion for findings of fact and conclusions of law," which both sides drafted and filed with the court. Afterwards, the trial court purportedly vacated the earlier judgment and issued a new judgment in March 2004, awarding Midwest $3,429 because SIS had been unjustly enriched in that amount. Midwest appealed and raised a sole assignment of error: "The trial court's judgment entry contradicts this Court's prior decision, and is against the manifest weight of the evidence because the trial court's judgment entry is inconsistent with undisputed evidence." For the reasons set forth, we dismiss the appeal.
 {¶ 3} A trial court has no authority to vacate its final orders sua sponte. Mathias v. Dutt, 9th Dist. No. 20577, 2002-Ohio-756. Accord, Hyder v. Hyder, 4th Dist. No. 01CA3, 2001-Ohio-2523; State v. Manuel (Jan. 20, 1995), 2d Dist. No. 14171. Instead, the appropriate method for vacating a prior judgment is through a Civ.R. 60(B) motion. Coffman v. Coffman
(June 28, 1995), 2d Dist. No. 94-CA-104. Without a written motion for relief from judgment by appellee, and a consequent opportunity for appellants to respond, neither a trial court nor an appellate court can determine whether vacation of the underlying judgment is proper. Brown v. Gallia Cty. Bur. ofVital Statistics (Nov. 26, 1996), 4th Dist. No. 96CA3. Since a trial court does not have the authority to vacate its prior judgment sua sponte and enter a new judgment, any purportedly new judgment is void. See State v. Keith, 8th Dist. No. 81125, 2002-Ohio-7250, at ¶ 8. As such, no appeal can be taken from a void judgment, for a "void judgment is necessarily not a final appealable order." Short v. Short, 6th Dist. No. F-02-005, 2002-Ohio-2290, at ¶ 11, citing Reed v. Montgomery Cty. Bd. OfMental Retardation and Dev. Disabilities (Apr. 27, 1995), Franklin App. No. 94APE10-1490.
 {¶ 4} The trial court improperly vacated its December 2003 judgment and attempted to enter a new one, sua sponte, in March 2004. As a result, the March 2004 judgment is void and is not a final appealable order. Therefore, this appeal is dismissed. Appellant is ordered to pay the court costs of this appeal as specified under App.R. 24.
Appeal dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.