JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On January 6, 1999, the juvenile court granted legal custody of the child, then known as K.M., to his maternal grandmother, appellant B.R. Thereafter, on June 1, 2004, the child support enforcement agency moved the court to establish support for the child, whose name had been changed to A.R. in April 2000. Genetic testing determined that the person named as the child's father on his birth certificate was not his father, so his mother was solely responsible for the support of the child. The court ordered the mother to pay $155.25 per month plus a two percent fee as current support through Ohio Child Support Payment Central.
 {¶ 2} On September 30, 2005, G.F. filed a motion to modify the January 1999 custody award to award custody to her. The juvenile court magistrate conducted a hearing on this motion and issued a decision dated December 16, 2005; this decision was not filed until September 25, 2006, after the court approved and adopted it. The magistrate found that a change of circumstances had occurred and that modification was necessary to serve the child's best interests. The magistrate further found that the harm likely to be caused by the change of environment was outweighed by the advantages of the change. The magistrate expressly considered (1) the age of the child, (2) the child's adjustment to home, school, and community, (3) the health and safety of the child, (4) the mental and physical health of all parties, and (5) the recommendation of the guardian ad litem. The magistrate found it was in *Page 4 
the best interest of the child to designate G.F. as the child's legal custodian, but to provide visitation to B.R. in accordance with the "agreement of the parties."
 {¶ 3} It is not clear on the record when this decision may have been mailed to the parties. However, on January 23, 2006, B.R. requested an extension of time to file her objections to the decision, which she claimed was issued January 9, 2006 but not served upon her or her attorney.
 {¶ 4} B.R. filed a motion for more specific findings of fact and conclusions of law on January 24, 2006, as well as objections to the magistrate's decision on March 24, 2006. The court accepted and adopted the magistrate's decision in an order entered on September 25, 2006 without ruling on the objections. B.R. filed her notice of appeal on September 29, 2006. The court granted the motion for findings of fact and conclusions of law on October 5, 2006. On October 16, 2006, the court again accepted and adopted the magistrate's report, this time overruling B.R.'s objections.
 {¶ 5} This court remanded this matter to the common pleas court for the entry of findings of fact and conclusions of law in accordance with its order of October 5, 2006. The magistrate entered findings and conclusions on April 16, 2007. The juvenile court accepted and adopted these findings and conclusions in an order journalized May 1, 2007. *Page 5 
 {¶ 6} The procedure followed in this case bears little resemblance to that required by the Juvenile Rules.[1] First and most important, the magistrate's original decision purportedly granting G.F.'s motion to modify custody of the child was never filed as required by Juv.R. 40(D)(3)(a)(iii). The time for requesting findings of fact and conclusions of law and for filing objections to the magistrate's decision runs from the time the magistrate's decision isfiled. Juv.R. 40(D)(3)(a)(ii) (D)(3)(b)(i). Furthermore, if a timely request for findings of fact and conclusions of law is made, the time for filing objections does not begin to run until after the magistrate files a decision that includes findings of fact and conclusions of law. Juv.R. 40(D)(3)(b)(i).
 {¶ 7} Despite this, B.R. filed both objections and a request for findings of fact and conclusions of law. No ruling was filed with the clerk[2] on either of these before the court accepted and adopted the (unfiled) magistrate's decision. At best, the court's ruling could be treated as an interim order, effective for no more than 28 days. See Juv.R. 40(D)(4)(e)(ii).
 {¶ 8} Even though the court, during this interim period, granted appellant's request for findings of fact and conclusions of law (opening the time for objection *Page 6 
until after the findings and conclusions were filed, Juv.R. 40(D)(3)(b)(i)), the court also overruled appellant's objections to the magistrate's decision within the 28 day period and again adopted the decision.
 {¶ 9} We find the trial court's decision was void. An unfiled magistrate's decision has no effect at all. It does not start the time for filing objections or requesting findings of fact and conclusions of law. There was nothing for the court to act on. Consequently, the court's judgment was void. In re D.N., II, a minor, Cuyahoga App. No. 82708, 2004-Ohio-1106. A void judgment is not final and appealable. Therefore, we lack jurisdiction and must dismiss this appeal.
 {¶ 10} All of the parties' and the courts' machinations to flesh out the magistrate's decision through objections and findings of fact and conclusions of law must be held for naught because the decision was never filed and therefore does not exist on the record in this case. We recognize that this court compounded the confusion by remanding this matter for the magistrate and the court to enter findings and conclusions, but if the magistrate's decision did not exist, findings and conclusions did not bring it into existence. Cf. MidwestEnvironmental Controls, Inc. v. Houttekier, Lucas App. No. L-04-1118,2004-Ohio-5999.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and MARY J. BOYLE, J., CONCUR
[1] Compounding the confusion in this case is the fact that Juvenile Rule 40 was amended effective July 1, 2006. For the sake of clarity, we cite the current rule in this opinion; unless otherwise noted, the former rule was substantially the same.
[2] As with the magistrate's decision on the motion to modify custody, in an order dated August 4, 2006 but not filed, the magistrate purportedly granted appellant's motion for findings of fact and conclusions of law and ordered the parties to file proposed findings and conclusions within thirty days of the "filing of this order." This order was not filed until October 5, 2006, after it was approved and adopted by the court. *Page 1