[Cite as *Sweet v. Sweet*, 2024-Ohio-4824.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Sara E. Sweet

     Appellant

v.

Jason M. Sweet

     Appellee

Court of Appeals No. L-23-1279

Trial Court No. DR20150289

**DECISION AND JUDGMENT**

Decided: October 4, 2024

* * * * *

Abbey M. Flynn, Esq., for appellant.

Jason Sweet, pro se appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment by the Lucas County Court of Common Pleas, Domestic Relations Division, which denied the motion for relief from judgment by plaintiff-appellant, Sara E. Sweet, for the trial court's dismissal, without a purge hearing, of three orders of contempt against defendant-appellee, Jason M. Sweet. For the reasons set forth below, this court reverses and remands the trial court's judgment.

**{¶ 2}** Appellant sets forth three assignments of error:

1.   The trial court abused its discretion by not granting Appellant relief from the judgment pursuant to Civil Rule 60(B) and finding that this was a mistake, excusable neglect, or inadvertence.

2.   The trial court abused its discretion by not granting Appellant relief from the judgment pursuant to Civil Rule 60(B)(5) as there are reasons that justify the relief.

3.   The trial court erred in dismissing the entire contempt action as a result of counsel for Appellant's failure to appear for the execution hearing.

### I. Background

**{¶ 3}** The following relevant facts are not in dispute. Appellant filed a complaint for divorce against appellee on April 10, 2015, which appellee contested and counterclaimed for divorce from appellant. As journalized on May 19, 2016, the trial court granted each party a divorce from the other party. In the final decree of divorce, the trial court ordered, among other matters, appellee to maintain his monthly child support obligation for three minor children, to abide by the shared parenting schedule, and to claim the tax dependency exemption for two of the children under certain conditions.

**{¶ 4}** Then on September 22, 2020, and on January 19, 2021, appellant filed show-cause motions against appellee for three reasons. First, as of September 21, 2020, appellee violated the shared parenting plan ten times. Second, as of January 1, 2021, appellee failed to pay his court-ordered child support obligations and was in arrears in the amount of

2.

$12,779.00, according to the Ohio Department of Job and Family Services, Office of Child Support. Third, appellee violated the child-support condition to claim the court-ordered tax dependency exemption for two of the children.

{¶ 5} The magistrate held evidentiary hearings in March, 2023, and the magistrate's decision, as journalized on April 27, 2023, found appellee in contempt pursuant to Civ.R. 2705.02. Before appellee could object to the magistrate's decision, and as also journalized on April 27, the trial court adopted the magistrate's decision pursuant to Civ.R. 53(D)(4) and found, among other matters, appellee in contempt, with purge conditions, as follows:

> Defendant is found in contempt of the prior order of the Court and is sentenced up to thirty (30) days in the Lucas County Correction Center; said sentence and finding of contempt shall be purged by Defendant paying his current child support obligation effective June 1, 2022 and shall pay an additional $250.00 per month towards the arrearage.
>
> Defendant is further found in contempt of the prior order of the Court and is sentenced up to thirty (30) days in the Lucas County Correction Center; said sentence and finding of contempt shall be purged by Defendant reimbursing to Plaintiff the amount of $6,400.00 on or before September 21, 2023 as and for stimulus monies received for the minor children.
>
> Defendant is further found in contempt of the prior order of the Court and is sentenced up to thirty (30) days in the Lucas County Correction Center; said sentence and finding of contempt shall be purged by Defendant reimbursing to Plaintiff the amount of $776.51 on or before September 21, 2023 as and for traveling costs to Tennessee. . . .
>
> The matter of contempt is set for further hearing on the Execution of Sentence Hearing on September 21, 2023 at 9:00 a.m. with Honorable David L. Lewandowski.

{¶ 6} Prior to September 21, the record is silent with any response by appellee to the three contempt findings against him or with any evidence of satisfying the purge conditions specified by the trial court. On August 31 the clerk of court issued a notice to

3.

the parties of the September 21 court event described as "EXECUTE SENTENCE – TRIAL" and containing the following "** FAILURE TO ATTEND OR COMPLY MAY RESULT IN A DISMISSAL OF YOUR ACTION **". (Emphasis in original.)

{¶ 7} The brief September 21 hearing transcript is in the record. The trial court called the matter by 9:20 a.m., and the end-time is not in the record. Appellee appeared pro se, and appellant's trial counsel was absent due to a trial in the general division of the common pleas court unexpectedly continuing to September 21. Although appellant's trial counsel notified appellant of the scheduling conflict, and appellant gave the trial court that explanation, appellant's trial counsel failed to directly notify the trial court. The trial court was upset by the situation and addressed appellant:

> Court: Judges have to follow certain steps and give the Defendant a chance to speak, give the Plaintiff a chance to speak and the attorneys a chance to speak. So I can't do that today without [your attorney]. And my inclination is to dismiss the cases and if you have a problem with that, I would advise you to go to the Bar Association or contact [your attorney]. But this is – he had a chance to call you. He could have called us. . . . And that he is sending you in here to be the victim, that is too damn bad. But I feel bad for you because these are serious matters. But this court cannot operate – if, if he didn't show up across the street, they would send the Sheriff for him. . . . No [you may not attempt to contact your attorney now], he already called you. I mean, I am amazed he didn't call the court. I mean this has come up before with [your attorney] where his business across the street . . . takes precedence over here. And I know that in certain ways [a] criminal case takes precedence over my case. But my case here is a criminal case. Quasi-criminal as the law would say, but who knows what a quasi-criminal is.
> Appellant: Your Honor, I beg you not to hold that against me.
>
> Court: I am not holding it against you. Your lawyer has a professional obligation to represent you. He has not done that. It puts the court at a real – because I can't help you try your case. I can't help him try his case. That's why we have lawyers. . . . [Your lawyer] has been around . . . the criminal world both over there and over here for many, many years. He may be older

4.

than I am. I am not sure. But his impression – Alright. I will think about it, but no hearing today. I can't go forward without [your attorney]. Alright. Thank you.

{¶ 8} By 9:57 a.m. that day, or with 37 minutes from the start of the foregoing hearing, the trial court filed its judgment entry dismissing the three contempt findings against appellee for the following reason:

> Plaintiff states that [her attorney] informed her the night prior to hearing that he did not plan to attend the scheduled hearing in this case. At no point prior to hearing did [appellant's attorney] contact this Court to request a continuance of this matter, request that he be excused from appearing, or inform the Court that he would not attend the hearing. The Court was unable to proceed to full hearing as to whether Defendant purged himself of contempt without counsel of record present.

{¶ 9} The next day, on September 22, appellant filed a Civ.R. 60(B) motion for relief from judgment. Appellant argued that her attorney "was of the understanding that his presence for [the September 21] hearing was not required. In addition, Counsel for Plaintiff was in a trial in the Lucas County Common Pleas Court, General Division, in the matter of City of Toledo v Toledo Country Club." Appellant further argued that she had a meritorious claim to show that appellee had not purged himself of the three contempt findings, and "Petitioner should not be penalized as a result of the mistake of her counsel." Appellee did not oppose the motion.

{¶ 10} On October 27, the trial court denied appellant's motion for relief from judgment for failing to present operative facts supporting entitlement under Civ.R. 60(B). In its judgment entry the trial court reiterated appellant's trial counsel's failure to contact the court prior to the September 21 hearing "by any means to request a continuance of the

5.

hearing." The trial court then stated, "Counsel appeared before the Court at or about 11:45 a.m. on September 21, 2023. Counsel informed the Court that he believed that his presence at the hearing was unnecessary. At the time of hearing, counsel was attending to other civil matters pending before another Court." The trial court found that the neglect by appellant's trial counsel was imputed to appellant and that the neglect was not excusable because his admitted mistake was neither justified nor unavoidable and was a complete disregard for the judicial system, citing *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980). Specifically, the trial court found, "He cites no authority or example where counsel of record in a case does not need to appear for a scheduled hearing." The trial court further found, "The Court does not find [appellant's attorney's] statement that he had evidence to present at hearing credible considering he did not think to appear for hearing to present said evidence."

{¶ 11} Appellant then timely appealed. We will address appellant's assignments of out of order.

## II. Civ.R. 60(B)

{¶ 12} We review a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 8. An abuse of discretion occurs when the trial court exercises its judgment, in an unwarranted way, regarding a matter over which it has discretionary authority. *Halbeisen v. Fantozz*, 2023-Ohio-4340, ¶ 7 (6th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 13} Civ.R. 60(B) states:

> (B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court

6.

may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

{¶ 14} Appellant has the burden of proof to establish all three prongs to prevail on a Civ.R. 60(B) motion: "(1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Hatfield* at ¶ 8. The third prong, the timeliness of the motion, is not in dispute and is deemed met. *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 2014-Ohio-2353, ¶ 18.

**A. Meritorious Claim or Defense**

{¶ 15} Appellant's third assignment of error addresses the first prong of a motion for relief from judgment. Appellant argues appellee's failure to satisfy the purge conditions for his three contempts are meritorious claims or defenses in the event relief is granted. Citing to *Liming v. Damos*, 2012-Ohio-4783, ¶ 30, appellant argues the trial court abused its discretion at the purge hearing by revisiting the original contempt findings and purge conditions. Appellant further argues the only issue at a purge hearing is whether appellee

7.

met the purge conditions, and there is no evidence in the record that appellee met them. We agree. *In re M.O.E.W.*, 2019-Ohio-5364, ¶ 19 (6th Dist.), citing *Liming* at ¶ 30.

> A purge hearing is not a new contempt proceeding but a conclusion of the originating contempt hearing, because its purpose is to determine whether the contemnor has satisfied the purge conditions. If the conditions are unfulfilled, the court is entitled to enforce the sentence already imposed, the sanction that could have been avoided by the contemnor's compliance. *Liming* at ¶ 16.

{¶ 16} Appellee's response does not address the purge hearing for the three contempt findings against him. Rather, appellee argues the trial court did not abuse its discretion because throughout the divorce case, appellant's trial counsel "filed multiple motions alleging Appellee of possessing illegal child pornography materials and alleging Appellee of abusing a minor child not of the marriage between Appellee and Appellant. . . . At no point during the proceedings did [appellant's trial counsel] offer any sort of evidence to substantiate these false allegations." Appellee then states the investigation by the county sheriff was closed without any criminal charges filed.

{¶ 17} "The judgment and orders of a court or officer made in cases of contempt may be reviewed on appeal." R.C. 2705.09. We review a lower court's decision in a civil-contempt proceeding for an abuse of discretion, which connotes an unreasonable, arbitrary, or unconscionable decision. *State ex rel. Cincinnati Enquirer v. Hunter*, 2013-Ohio-5614, ¶ 21.

{¶ 18} It is undisputed that the trial court found appellee in civil contempt three times on April 27, 2023. The trial court accompanied each finding of contempt with a purge condition. Those contempt-findings-with-purge-conditions were final and appealable, and

8.

appellee did not appeal them. *Andrews v. Andrews*, 2022-Ohio-3854, ¶ 8-9 (6th Dist.), citing *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 2014-Ohio-4254, ¶ 20-23. The doctrine of res judicata precludes us from reviewing the propriety of the contempt findings or of the purge conditions in this appeal. *Id.* at ¶ 14. The only issue for the trial court to decide at the September 21 purge hearing was whether appellee complied with the three purge conditions with which to support dismissing the underlying contempts. *Id.* at ¶ 19. By the purge hearing, the time had passed for appellee to raise a defense to the contempt findings, such as inability to pay the contempt order. *Liming* at ¶ 20. However, at the purge hearing, appellee had the burden of proof to show his compliance with the three purge conditions, and the record does not contain that information. *Id.* at ¶ 23. Instead, while the trial court was understandably frustrated with appellant's trial counsel, it unreasonably and arbitrarily shifted the evidentiary burden to appellant and appellant's trial counsel at the purge hearing by claiming "I can't help him try his case," and then based on that shift, dismissed the three underlying contempt findings against appellee.

{¶ 19} Upon review we find the trial court abused its discretion when it dismissed appellee from its contempt sanction. Appellant satisfies the first prong of a motion for relief from judgment.

{¶ 20} Appellant's third assignment of error is well-taken.

### B. Entitlement to Relief

{¶ 21} Appellant's first and second assignments of error address the second prong of a motion for relief from judgment. Appellant argues entitlement to relief under either

9.

Civ.R. 60(B)(1) or 60(B)(5), or both. "The grounds for relief in Civ.R. 60(B)(1) through (5) are in the disjunctive." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). Therefore, if we determine appellant is entitled to relief under Civ.R. 60(B)(1), we do not need to determine if appellant is also entitled to relief under Civ.R. 60(B)(5).

{¶ 22} Appellant argues there is evidence of excusable neglect under Civ.R. 60(B)(1) and of other reasons justifying relief from the judgment under Civ.R. 60(B)(5). "While excusable neglect is an element for relief under Civ.R. 60(B)(1), it is not an element for Civ.R. 60(B)(5) relief." *Natl. Collegiate Student Loan Tr. 2003-1 v. Beverly*, 2014-Ohio-4346, ¶ 59 (6th Dist.). The first reason is because she and her trial counsel believed the September 21 hearing was for sentencing, not a trial, and the trial court's notice was for execution of sentence. The second reason is because they believed the burden at the September 21 sentencing hearing was only on appellee to show whether he complied with the purge conditions. The third reason is because appellant believed that she would be able to state in the record, if asked by the trial court, whether she received the court-ordered payments from appellee. The fourth reason is because appellant pleaded with the trial court during the hearing to allow her to contact her trial counsel or to proceed on her own behalf if asked whether she received the court-ordered payments. The trial court refused to consider the request. The fifth reason is because appellant's trial counsel had a pending civil trial in the general division of the common pleas court that unexpectedly carried over to September 21. Appellant's trial counsel personally appeared before the trial court by

10.

11:45 a.m. on September 21 and explained why he believed his presence for the September 21 hearing was not required under the circumstances.

{¶ 23} Appellee responds to the first and second assignments of error with the same argument as his response to the third assignment of error.

{¶ 24} Not all attorney neglect is inexcusable. "The abuse-of-discretion standard extends to the question whether a movant has demonstrated excusable neglect." *State ex rel. Jackson*, 2014-Ohio-2353, at ¶ 22. "'Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion.'" (Citation omitted.) *Id.*

{¶ 25} The trial court's decision under Civ.R. 60(B) is to be "'upon such terms as are just.'" *Id.* at ¶ 19, quoting Civ.R. 60(B). "To determine whether neglect is excusable or inexcusable, a court must consider all the surrounding facts and circumstances." *Id.* "This court . . . adopts the general rule that the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B) (1)." *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 153.

> In our view, the concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' We note that the default judgment was granted within a week of the defendant's failure to file a timely answer or a responsible pleading. Under these circumstances, the inaction of the defendant had not ripened to the point where it could be labeled as a 'complete disregard for the judicial system' as condemned in [*GTE Automatic Elec., Inc.* at 153]. (Citations omitted.) *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980); *State ex rel. Jackson* at ¶ 23-25 (defining excusable neglect in the alternative: a party's inaction is not

11.

excusable neglect if it can be deemed a complete disregard for the judicial system or if the conduct falls substantially below what was reasonable under the circumstances).

**{¶ 26}** "A represented party bears a greater burden to show excusable neglect. '[A]ttorney conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect.'" *Id.* at ¶ 24, quoting *Hai v. Flower Hosp.,* 2008-Ohio-5295, ¶ 21 (6th Dist.).

**{¶ 27}** As guided by *Colley* and *State ex rel. Jackson*, we reviewed the record and find appellant's trial counsel acted with excusable neglect. While the trial court was clearly frustrated by appellant's trial counsel's prioritization of the docket of an unrelated matter in another court, its decision to dismiss the three contempts was not based on appellee's compliance with the court-ordered purge conditions. The trial court based its decision solely on the failure by appellant's trial counsel to respect the trial court by making the effort to promptly communicate the scheduling conflict with the trial court and to request a continuance. The trial court acted swiftly to issue its decision, even though a few minutes before, appellant begged the trial court not to dismiss the matter, and the judge announced from the bench he would take the time "to think about it." The trial court's decision was filed with the clerk of courts within 37 minutes of the start of the hearing. Under *Colley*, the speed of that 37-minute period, in comparison to *Colley's* one-week period, would not have ripened to the point where appellant's trial counsel inaction can be labeled a complete disregard for the judicial system.

12.

**{¶ 28}** In addition, the trial court's decision reads as if appellant's trial counsel was summarily found in contempt for new "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. If so, nothing in the record indicates the trial court followed the statutory safeguards prior to reaching its contempt decision for this new conduct. *See Liming*, 2012-Ohio-4783, at ¶ 16, citing R.C. Chapter 2705.

**{¶ 29}** In any event, appellant's trial counsel then acted swiftly. Within two hours of the trial court's decision, appellant's trial counsel personally appeared before the trial court to explain his absence earlier that morning. We do not have a transcript of that discussion, but the record indicates the trial court was unmoved by the unexpected continuation of a previous civil matter. Again, under *Colley*, the speed of appellant's trial counsel's action would not have ripened to the point where it can be labeled a complete disregard for the judicial system by him.

**{¶ 30}** Then appellant's trial counsel acted swiftly again. On September 22, and within 24 hours of the trial court's dismissal judgment entry, appellant filed the motion for relief from judgment for the reasons previously stated. Appellee did not oppose the motion, and the trial court's decision denying the motion was journalized on October 27. Again, under *Colley*, the speed of appellant's trial counsel's action would not have ripened to the point where it can be labeled a complete disregard for the judicial system.

{¶ 31} This court recognizes that excusable neglect is generally not in consequence of the party's, or their attorney's, own carelessness, inattention, or willful disregard of the process of the court, but in consequence of an unusual or special circumstance justifying the neglect by the party or the party's attorney. *Natl. Collegiate Student Loan Tr. 2003-1*, 2014-Ohio-4346, at ¶ 44 (6th Dist.); *Yost v. McNea*, 2021-Ohio-2145, ¶ 16 (6th Dist.). Based on the record before us, there are unusual or special circumstances justifying the neglect by appellant's trial counsel, and the actions taken by appellant's trial counsel do not rise to the level of a complete disregard for the judicial system or fall substantially below what was reasonable under the circumstances. Nevertheless, the trial court's frustration with the failure by appellant's trial counsel to notify the trial court of scheduling problems with the purge hearing and to request a continuance is understandable.

{¶ 32} Upon review we find the trial court abused its discretion when it dismissed appellee from its contempt sanctions. Appellant satisfies the second prong of a motion for relief from judgment under Civ.R. 60(B)(1).

{¶ 33} Appellant's first assignment of error is well-taken. Given our determination of the first assignment of error, the second assignment of error is moot. App.R. 12(A)(1)(c).

### III. Conclusion

{¶ 34} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is reversed and remanded. This matter is remanded to the trial court for further proceedings to develop the record of whether appellee complied with the court-ordered purge conditions to the underlying determinations of contempt. If the trial court

determines appellee failed to comply with the purge conditions and imposes a sentence, appellee will then have the right to appeal "on the question [of] whether the purge conditions have been met following execution of sentence on the failure to purge." *Docks Venture, L.L.C.*, 2014-Ohio-4254, at ¶ 23.

{¶ 35} Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Thomas J. Osowik, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |
| | |
| | |
| Gene A. Zmuda, J. | |
| CONCURS AND WRITES | JUDGE |
| SEPARATELY. | |

**ZMUDA, J.,**

{¶ 36} On September 21, 2023, the trial court vacated its judgment of contempt against appellee, Jason M. Sweet, in response to the absence of trial counsel for appellant, Sara Sweet, at appellee's purge hearing. I agree with the majority's description of a trial court taking punitive action against appellant based on a perceived slight to the court by

her trial counsel. I concur in reversing and remanding the matter. I write separately to clarify certain matters raised in this case.

**{¶ 37}** First, the trial court entered a dismissal, not of a contempt proceeding, but of a contempt order, a final appealable judgment. *See Andrews v. Andrews,* 2022-Ohio-3854, ¶ 8 (6th Dist.), citing *Docks Venture, LLC v. Dashing Pacific Group, Ltd.,* 2014-Ohio-4254, ¶ 23. Appellee never appealed the contempt judgment, and the contempt matter was scheduled for a purge hearing to determine whether appellee had met the purge conditions to avoid the jail sentence previously imposed by the trial court. Therefore, the order to "dismiss" the contempt judgment is problematic.

**{¶ 38}** The trial court entered a "Judgment Entry of Dismissal" and specifically ordered the contempt judgment, entered April 26, 2023, dismissed. Dismissal by the court is governed by Civ.R. 41, and references dismissal of "claims," and not "judgments." While contempt proceedings involve two-part process, contempt order and purge hearing, the contempt judgment was a final order, never appealed. Once judgment was entered, the trial court could not dismiss or dissolve the judgment pursuant to Civ.R. 41, as that rule pertains to dismissal of a pending matter. *See, e.g., Countrywide Home Loans Serv. v. Nichpor,* 2013-Ohio-2083, ¶ 5 (holding a judgment in foreclosure may not be dissolved by filing a notice of dismissal, prior to judicial sale of the property, as a judgment is a judicial determination of the issues and no longer a pending matter).

**{¶ 39}** As the contempt order was a final judgment, the trial court had no ability to dismiss, dissolve, or vacate that judgment. "Generally, a trial court lacks authority to

16.

vacate or modify a final judgment, sua sponte, without a written motion under Civ.R. 60(B) seeking relief from judgment." *InFrasys, Inc. v. Bros. Pavement Products, Corp.*, 2020-Ohio-1157, ¶ 22 (6th Dist.), quoting *Midwest Environmental Controls, Inc. v. Houttekier*, 2004-Ohio-5999, ¶ 3 (6th Dist.) (additional citations omitted); *see also Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981) ("A trial court may only relieve a party from judgment by the mechanisms provided by the Ohio Rules of Civil Procedure."). In this case, the trial court sua sponte vacated the contempt judgment, purporting to dismiss the contempt action its entirety. I would find the trial court lacked authority to do so as an additional factor demonstrating the court's abuse of discretion.

{¶ 40} Additionally, based on the record, I agree with the majority that the trial court held appellant's trial counsel in contempt for failing to appear for the purge hearing. As noted by the majority, the trial court followed none of the required procedure in finding counsel in contempt and imposing a sanction. At a minimum, the trial court was required to provide notice and an opportunity to be heard prior to entering a finding of contempt. *See Angotti v. Jones,* 2024-Ohio-3222, ¶ 21, citing *State v. Hochhausler*, 76 Ohio St.3d 455, 459 (1996). The sanction imposed, moreover, was unconditional and punitive, purporting to dissolve the contempt judgment against appellee, where the judgment was granted in response to appellant's motion to show cause to compel appellee to pay his child support arrears and comply with other obligations for the benefit of the couple's children.  Considering the context, the trial court's sanction of swift "dismissal" of contempt is perplexing, as the sanction appears to excuse appellee's

17.

compliance with his court-ordered obligations to punish appellant's trial counsel for his absence without a prior, personal discussion with the trial court regarding the circumstances.

{¶ 41} For these reasons, as well as the well-reasoned analysis of the majority, I concur in reversing the matter. Furthermore, I would reinstate the final judgment of contempt, remand the matter for further proceedings to address the purge conditions for appellee, and direct the trial court to pursue contempt findings through the proper procedure, affording trial counsel the due process the law requires. Therefore, I respectfully concur.

{¶ 42}

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.